ALLEN WHITLEY v. THE STATE.

No. 13335. Delivered May 21, 1930.
Reported in 28 S. W. (2d) 550.

The opinion states the case.

*Samuel K. Wasaff* of Midland, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for aggravated assault; punishment, a fine of $200.00, and three months in the county jail.

From the State's standpoint the facts show that appellant severely cut another negro with a knife called an East Dallas Special, inflicting upon him serious bodily injury. Appellant was on trial for assault with intent to murder. The jury evidently thought the offense actually committed not to justify a conviction of the more serious grade of assault.

Appellant has several bills of exception complaining of the introduction of various phases of the details of a cutting scrape between himself and a negro named Harris which occurred about a year before the transaction forming the basis of the instant prosecution. The negro who was cut in the instant case was named Spigner, and there appears no sort of connection, relation or sequence between the former cutting and that here involved. The State proved appellant's prosecution and conviction for the former offense, and put Harris on the stand to give the details of that cutting. The learned trial judge qualifies the bill of exception with a lengthy statement that such testimony was admitted because a defense witness had first gone into the facts concerning the prior offense. Examination of the testimony of said defense witness makes plain the fact that he was not present at that cutting and did not give its details. This witness should not have been allowed to give the testimony that he did, in so far as same related to said prior transaction. Certainly, under no authority known to us, could the admission of this testimony be used as an excuse on the part of the State for going into the details of a cutting a year before the instant transaction, in which former cutting appellant was wholly to blame,—a fact which may have influenced the jury in affixing the penalty inflicted by them in their verdict herein. The rule is well established and might be sustained by the citation of hundreds of authorities that disconnected crimes can not be proved against an accused on his trial unless under some one of the exceptions recognized as affording ground for such admission. None of such exceptions appear here. For the admission of this testimony, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*