AUGUST MARTINI V. THE STATE.

No. 23590. Delivered February 26, 1947.

156

*Ennis Favors,* of Stephenville, for appellant.

*Ernest S. Goens,* State's Attorneye, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of seriously threatening to take the life of Pink Mefford, and upon his conviction therefor, was sentenced to pay a fine of $100.00 and serve a jail sentence of 60 days.

Appellant and Mefford lived on adjoining farms. On the day of the alleged threat, appellant was attempting to place a strand of wire to Mefford's fence. They met at such place and evidently had an exchange of words and ideas. Eventually, as shown by the State, appellant called for his little girl who was with him, to hand him the hammer, which she did. Appellant, brandishing the hammer, then cursed Mefford and threatened to kill him. The parties were about twelve feet apart with a three-wire fence between them. Mefford walked away towards his home while appellant walked towards his house. Although it was testified herein that the hammer was drawn back and shaken at Mefford, it was not thrown, and each party left in their separate directions; and though they passed and repassed each other in after days, no further trouble ensued.

It is contended that the threat, if made, was evidently not

seriously made and that the trial court should have instructed the jury to acquit the appellant. The trial court correctly charged the law relative to the seriousness of the threat, and told the jury to acquit appellant unless they believed, beyond a reasonable doubt, that such threat was seriously made. We think, this charge was sufficient to present this defense before the jury.

There are three bills of exception in the record. Bill No. 1 relates to proof before the jury from appellant, while testifying on the stand, that he had been convicted of poisoning his brother's well. The offense of poisoning wells is one classed as a felony (Art. 1197, P. C.), and a conviction thereunder is admissible as touching the credibility of the witness. This testimony was properly limited by the court in his charge to the jury to such purpose.

Bill of Exception No. 2 complains because the State was permitted on cross-examination to prove by appellant that he had had some trouble with his neighbors other than Mefford, the answer of appellant being, "With Dempke, on account of letting his cattle run over my field." We are at a loss to see what materiality this matter of other trouble with another and different person than the prosecuting witness could have had in this case. In Branch's Ann. Tex. P. C., p. 102, sec. 168, it is said:

"Proof of mere accusations against, or evidence of particular acts of misconduct, is not admissible to affect credibility of a witness."

See also 18 Tex. Jur. p. 53, sec. 31; Stevens v. State, 134 S. W. (2d) 246; Whitley v. State, 28 S. W. (2d) 550.

Bill of Exception No. 3 relates to the following argument to the jury made by the County Attorney in his opening address:

"A man who would poison the water in his brother's well is a criminal and should be taken out of circulation."

This argument was objected to and the appellant requested the trial court to instruct the jury not to consider such for any purpose. This bill is qualified by the court, who made the following oral statement to the jury at such time:

"Gentlemen, I again instruct you that evidence of any former conviction of the defendant in this case can be considered by you only in determining his credibility as a witness in this case, and such evidence can not be considered in any way as estab-

lishing the guilt of the defendant in this case. You will disregard any argument to the effect that a former conviction is to be taken to establish the defendant's guilt in this case."

In the event of a further trial of this cause, argument of like character to the one just above complained of should not be made. This former conviction should be used only to affect, if it does so, the credibility of the witness, and not to put him "out of circulation" because he poisoned his brother's well.

On account of the error shown in Bill No. 2, this judgment is reversed and the cause remanded.