Thomas H. Dent, Galveston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Robert Floyd, Asst. Dist. Attys., Houston, Leon B. Douglas, State's Atty., Austin, for the State.

------◆------

**Franklin JOHNSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40110.**

Court of Criminal Appeals of Texas.

Feb. 8, 1967.

OPINION

MORRISON, Judge.

The offense is felony theft; the punishment, five years.

Under an indictment alleging the primary offense of felony theft and two prior non-capital convictions alleged for enhancement, appellant was found guilty under a charge submitting the primary offense only. His first ground of error is that the court erred in overruling his mo-

tion to quash the enhancement counts of the indictment and his motion in limine requesting that State's counsel be instructed not to allude to the prior convictions. Since the prior convictions were not submitted to the jury in the court's charge and since no bad faith on the part of the prosecutor is shown, no error appears. When appellant testified, the prior convictions became admissible for impeachment.

 Appellant's next ground of error is that he was denied due process because the prosecutor exercised peremptory challenges to Negro members of the jury panel. From his examination of the panel counsel developed the fact that there were seven members who gave their racial identification as being Negro, but there is no showing other than statement of counsel that the seven were stricken. Be this as it may, the Supreme Court of the United States in Swain v. State of Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759, said, "But purposeful discrimination may not be assumed or merely asserted. * * * It must be proven", and "[w]ith these considerations in mind, we cannot hold that the striking of Negroes in a particular case is a denial of equal protection of the laws." See Whitney v. State, 43 Tex.Cr.R. 197, 63 S.W. 879, and United States ex rel. Dukes v. Sain, 7 Cir., 297 F.2d 799.

Appellant's next ground of error is that the evidence is insufficient to support the conviction. Accident Investigator Gartman of the Houston Police testified that shortly before midnight on the night in question he heard the tires of an automobile "screeching" as it approached the point where he was on duty. He stated that he brought the automobile being driven by appellant to a halt, at which time he observed a pistol on the seat beside appellant, and placed him under arrest. He further testified that he ascertained the next day that the automobile was stolen.

Appellant, testifying in his own behalf, stated that he saw another man bring the automobile in question to a halt and run away and that the officers arrested him instead of the man who ran away, and denied that he had ever been in the stolen automobile. The jury resolved this conflict in the evidence against appellant, and we find the evidence sufficient to support the verdict.

Finding no reversible error, the judgment is affirmed.