Willie Gene PHILLIPS, Appellant,

v.

The STATE of Texas, Appellee.

No. 42501.

Court of Criminal Appeals of Texas.

Jan. 28, 1970.

Joe F. Sandlin, Anahuac, LeRoy McCall, Hamshire, for appellant.

W. G. Woods, Jr., Dist. Atty., Liberty, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

The offense is forgery; the punishment, enhanced by two prior convictions for a felony less than capital, life.

Trial was before a jury on a plea of not guilty. The punishment was assessed by the court.

Counsel appointed to represent appellant assisted him in the trial and filed his appellate brief though appellant insisted upon representing himself throughout the trial, examined and cross-examined the witnesses and made an argument to the jury.

■ Appellant's brief complains that at the trial before the court on the issue of guilt or innocence, the court allowed the state to elicit evidence that he had been previously convicted of felonies.

Appellant testified as a witness in his own behalf, being interrogated by his counsel. The prior convictions were admitted and limited in the court's charge to impeachment of the defendant as a witness. Such was not error. Smith v. State, Tex. Cr.App., 414 S.W.2d 659; Johnson v. State, Tex.Cr.App., 411 S.W.2d 363.

■ He next complains that the court erred in allowing the county attorney in his argument to the jury to refer to prior convictions. The evidence being admissible, the argument was not improper. Also, there was no objection to the remarks. Piraino v. State, Tex.Cr.App., 415 S.W.2d 416.

Appellant next complains of the overruling of his motion to restrict the argument of counsel for the state and not allow him to make a plea for law enforcement in Chambers County.

■ Counsel for the state has the right, if not the duty, to make a proper argument for law enforcement. The argument made did not refer to the wishes of the community nor did it constitute unsworn testimony.

Further, the record does not reflect that objection was made to any remarks of counsel for the state in argument to the jury, and the question of improper argument is not before us for review. Piraino v. State, supra. We observe, however, that the remarks of counsel complained of in appellant's brief were not such as to warrant reversal had objection been preserved.

■ Appellant's brief complains that the trial court having appointed able counsel to represent appellant should have required that counsel conduct the trial and should not have permitted appellant to represent himself, though assisted by said counsel.

We find nothing in the record which would warrant the conclusion that appellant was denied any constitutional right in regard to counsel, to the effective aid of counsel or to his right to dispense with a lawyer's assistance.

Complaint as to other remarks of counsel for the state in argument, to which there was no objection, present nothing for review. Piraino v. State, supra; Houston v. State, Tex.Cr.App., 428 S.W.2d 353.

■ The sufficiency of the evidence to sustain the conviction is challenged.

The state's evidence reflects that on the date alleged in the indictment appellant went to a service station operated by Roy G. Sherman, in Chambers County, and purchased two tires. He had in his possession a Texaco Credit Card and a license to drive issued to J. R. Daniel. He identified himself as J. R. Daniel and signed the name J. R. Daniel to the Texaco invoice for the tires made out by Roy G. Sherman who filled in the charges totaling $34.42 for the tires, and the license number of the automobile appellant was driving.

Appellant was positively identified by Roy G. Sherman as the man who purchased the tires and signed the name J. R. Daniel to the invoice.

J. R. Daniel testified that he had lost his billfold containing his Texaco Credit Card, driver's license and other identification papers and that he did not sign his name on the invoice which had been introduced in evidence, and did not authorize anyone to do so.

Proof was offered that the license plates on the car into which appellant loaded the tires had been removed from a car at a wrecking yard. Shortly thereafter the plates were recovered by the operator of the wrecking yard from a car at "a little motel in Green's Bayou" where he found appellant.

The prior convictions were proved as alleged.

Appellant's testimony raised the defense of alibi which was submitted to and rejected by the jury.

We find the evidence sufficient to sustain the conviction.

The remaining ground of error complains of the overruling of a motion to quash the indictment "for the reasons stated therein."

We do not find in the indictment set out in the record much of the language which the motion to quash sets out. As applied to the indictment as it appears in the record before us, no error is shown in the court's overruling the motion.

The judgment is affirmed.