Ronnie Lee WALKER, Appellant,

v.

The STATE of Texas, Appellee.

No. 42711.

Court of Criminal Appeals of Texas.

April 29, 1970.

Rehearing Denied June 17, 1970.

Jim Claunch, Fort Worth, (court appointed attorney), for appellant.

Frank Coffey, Dist. Atty., Rufus J. Adcock, Truman Power and Ann Delugach, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

The offense is robbery with firearms; the punishment, 30 years.

Trial was before a jury on a plea of not guilty. Appellant was found guilty and the jury assessed his punishment.

The state's evidence reflects the following:

During the early morning hours of December 31, 1968, a man, later identified as the appellant, entered the office-residence of the Mecca Tourist Courts in Fort Worth, Texas. The intruder held Thomas Wayne Kimbrell at pistol point and forced him to wake his uncle and aunt, Mr. and Mrs. R. L. Marshall, who were sleeping in the adjoining bedroom. He then tied up Mr. Kimbrell and Mr. Marshall and took them into the other room, after which he returned to the bedroom and raped Mrs. Marshall.

The evidence shows that appellant took the money earned through the operation of the business, the cash from the billfolds of Mr. Kimbrell and Mr. Marshall, and a diamond ring belonging to Mrs. Marshall. The evidence further shows that appellant took an unspecified amount of tax money from a mayonnaise jar. Officers from the Fort Worth Police Department lifted a fingerprint from the jar which matched the right thumb print of the appellant.

All three witnesses to the robbery testified that they got a good look at the appellant during the commission of the offense and identified him at the trial.

In appellant's first ground of error, he contends that the trial court erred in denying his motion to quash the indictment, for the reason that appellant was placed in lineup without the assistance of counsel. Specifically, appellant contends that the state failed to show that he made an intelligent waiver of his right to have counsel present at the lineup, and that the state failed to establish by "clear and convincing proof" that the in-court identification was not the fruit of the lineup identification made in absence of counsel or intelligent waiver of counsel.

Appellant's second ground of error is that the trial court erred in admitting into evidence the in-court identification of Mr. and Mrs. Marshall, because they had viewed appellant at the pre-trial lineup.

The record shows that appellant was taken into custody on February 2, 1969, and placed in the lineup on February 4, 1969. Appellant was appointed counsel on April 3, 1969.

At the trial, evidence was adduced concerning the legality of the lineup in question. A copy of a written instrument, signed by appellant, was admitted into evidence. The said instrument stated that appellant had been informed by Officer B. G. Whistler that he was being held as a suspect for the offenses of armed robbery and rape and that he had a right to have an attorney retained or appointed to be present at the lineup. It further stated that appellant, with full understanding of his right to have an attorney present at the lineup, voluntarily waived such right. The instrument in question was witnessed by Officer F. D. Raulston. At the trial, Officer Whistler testified that he had warned appellant of his right to have counsel present at the lineup, and Officer Raulston testified that he witnessed appellant sign the waiver.

The record reveals that all three witnesses to the robbery positively identified

the appellant at the trial as being the man who committed the robbery on the date in question. Mr. and Mrs. Marshall testified that they had identified the appellant at the lineup on February 4, 1969. Mr. Kimbrell did not view appellant at the lineup.

The record before this court clearly shows that appellant made an intelligent waiver of his right to have an attorney present at the pre-trial lineup. (Martinez v. State, Tex.Cr.App., 437 S.W.2d 842) It was further shown that the in-court identification was of an independent origin, in that each of the witnesses unequivocally stated that they had observed the appellant during the commission of the offense. The in-court identification was not the fruit of an illegal lineup, and the trial court did not err in admitting the identification testimony of Mr. and Mrs. Marshall.

Appellant's first and second grounds of are overruled.

■■■■ Appellant's third ground of error is that the trial court erred in overruling appellant's motion for mistrial on the grounds that no Negroes served on the jury that tried this case. There is no record of the voir dire examination of the jury panel. The record shows that there were four Negroes on the jury panel and all were excused by the exercise of the state's peremptory challenges.

There was no showing that the state's exercise of peremptory challenges constituted a purposeful pattern of discrimination against Negro members of the jury panel. Absent such a showing, the striking of Negroes in a particular case is not a denial of equal protection of the laws. Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759; Johnson v. State, Tex.Cr.App., 411 S.W.2d 363.

Appellant's third ground of error is overruled.

■■■■ The fourth ground of error contends that the trial court erred in not appointing counsel prior to April 3, 1969. Appellant urges that he was deprived of the assistance of counsel at a most important stage of the trial process, namely, the pre-trial lineup.

The record shows that appellant was given every opportunity to have an attorney appointed and to be present at the pre-trial lineup. For the same reasons we overruled appellant's first ground of error, we overrule his fourth ground of error.

■■■■ Appellant's fifth ground of error is that the trial court erred in admitting into evidence testimony regarding the fingerprint taken from a glass jar at the scene of the crime.

At the trial, Officer Jerry Jack Frye, a Crime Scene Search Officer with the Forth Worth Police Department, testified that he had received training in taking and evaluating evidence. Such training included the taking and lifting of fingerprints. He further testified that he had been working in that capacity for four years. F. M. Alexander, Identification Officer for the Fort Worth Police Department, also testified to his qualifications with regard to the classification and identification of fingerprints. It was shown that he had received training with the Federal Bureau of Investigation, the Texas Department of Public Safety, and had been continually training with the Fort Worth Police Department for twenty years. We find no error in the trial court's admitting the testimony of these officers, it being shown to the court that they were qualified in the taking and identification of fingerprints.

Ground of error number five is overruled.

■■■■ Appellant's sixth ground of error is that the trial court erred in admitting into evidence State's Exhibit #8 showing the fingerprint that was removed from the glass jar handled by appellant during the commission of the offense, for the reason

that the Exhibit was not shown to have been in the custody of the testifying witness after it had been removed from the scene of the crime.

Officer Frye, who had taken the fingerprint at the scene of the crime, testified that he lifted the print and placed it on the card marked State's Exhibit #8. He then placed his signature and identification number on the card and made reference to the present case under investigation. After the card had been identified, he deposited it with the Identification Bureau of the Fort Worth Police Department. Just prior to trial, he picked up the Exhibit from the Identification Bureau and brought it to the court house. At the trial, he positively identified the print on the Exhibit as being the same print he had lifted from the glass jar at the scene of the crime. Officer Alexander later testified that he had compared the fingerprint appearing on State's Exhibit #8 with that taken from the appellant, and that the print appearing on State's Exhibit #8 matched the appellant's right thumb print. We find no error in admitting State's Exhibit #8 into evidence.

Appellant's sixth ground of error is overruled.

Appellant's seventh ground of error contends it to be error for the trial court to have proceeded to trial in the present case without advising appellant's counsel as to which of three cases filed against appellant would be called for trial.

Counsel for appellant was appointed on April 3, 1969. The record reveals that a pre-trial hearing was had on May 2, 1969, at which time appellant's counsel was advised by the court to be ready to go to trial on any of the three cases pending against appellant. The court did state to appellant's counsel that he could talk with the District Attorney about the matter, and at that time the District Attorney indicated that he would prefer to try the present

case first. The present case was in fact tried first on June 18, 1969. At that time, both attorneys announced ready for trial, and no attempt was made to show that appellant was harmed by the trial court's setting the trial on that date.

Appellant's seventh ground of error is overruled.

Appellant's eighth ground of error states that the trial court erred in overruling appellant's motion for mistrial, for the reason that the witness, F. M. Alexander, had mingled with other witnesses who had been sworn and placed under the rule.

The record shows that Alexander was sworn independently of the other witnesses and had not been warned that he was not to discuss the case with the other witnesses. When examined, he testified that he had talked with the other witnesses, but that he had not discussed his testimony.

The placing of witnesses under the rule pursuant to Art. 36.03, Vernon's Ann.C.C.P. is within the sound discretion of the trial court. Hahn v. State, 73 Tex.Cr.R. 409, 165 S.W. 218. Where a witness has not been placed under the rule, because his name had not been called, the fact that he mingled with other witnesses who had been placed under the rule would not be ground for mistrial. It is not error to allow such a witness to testify in absence of a showing that the trial court abused its discretion. Vickers v. State, 92 Tex.Cr.R. 182, 242 S.W. 1032. The trial court did not abuse its discretion in the present case.

Appellant's eighth ground of error is overruled.

Appellant's ninth ground of error is that the trial court erred in admitting into evidence a copy, rather than the original, of the waiver of appellant's right to have counsel present at the pre-trial lineup.

At the trial, Officer F. D. Raulston testified that it was his responsibility to assemble all documents in police custody for trial, and that the original had been requested by the District Attorney. He further stated that he had made a diligent search for the original, but as far as he could determine, it was lost. Raulston identified the copy which was admitted into evidence as a Xerox copy of the original, and further stated that it correctly depicted the original instrument as it appeared on February 3, 1969. Under these circumstances, it was not error to admit the Xerox copy.

Appellant's ninth ground of error is overruled.

Appellant's tenth ground of error contends that the trial court erred in admitting into evidence, at the punishment stage of the trial, the testimony of the witness Elton Strother.

Appellant urges that the testimony of Mr. Strother, Juvenile Parole Officer with the Texas Youth Council, as to the general reputation of the appellant for being a peaceful and law abiding citizen being bad, violated Article 2338–1, Section 13(d), (e), Vernon's Ann.Tex.Civ.St. (Acts 1967). The statute cited concerns only testimony regarding the disposition of matters having been adjudicated in juvenile court and in no way affects the qualifications of one having personal knowledge of the appellant's general reputation in the community.

Appellant's tenth ground of error is overruled.

Appellant's final ground of error, that the trial court erred in failing to grant appellant's motion for mistrial when the witness R. L. Marshall testified that he knew the appellant was attacking his wife, is overruled. Marshall testified that at one point, after the appellant had tied him up and taken his money, the appellant went back into the bedroom occupied by Mrs. Marshall. He stated that he could hear his wife's groans and that he knew the appellant was attacking his wife. This testimony was objected to by appellant's counsel and such objection was sustained by the court. Appellant's counsel made a motion for mistrial which was overruled. The fact that Mrs. Marshall had been raped by the appellant was subsequently established by her testimony on direct examination. The offenses of robbery with firearms and rape were committed by a continuous assault and were so interwoven as to be part of the same transaction and the evidence was admissible under the so-called res gestae rule. Ellison v. State, Tex.Cr.App., 419 S.W.2d 849; Kerrigan v. State, 167 Tex.Cr.R. 601, 321 S.W.2d 884, and cases cited; Taylor v. State, Tex.Cr.App., 420 S.W.2d 601.

Finding no reversible error, the judgment of the trial court is affirmed.