**Pete Bernal SANCHEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 58128.**

Court of Criminal Appeals of Texas, Panel No. 3.

Nov. 28, 1979.

Rehearing En Banc Denied Jan. 9, 1980.

. Samuel H. Bayless, San Antonio, for appellant.

Bill M. White, Dist. Atty., Donald A. Clowe, Lawrence R. Linnartz, Robert Ozer, Asst. Dist. Attys., San Antonio, and Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

PHILLIPS, Judge.

This is an appeal from a conviction for delivery of heroin. Appellant was indicted under the habitual offender statute. Punishment was assessed at life imprisonment.

Appellant contends that reversible error occurred at the guilt-or-innocence stage of the trial when the prosecuting attorney argued to the jury that appellant's prior convictions were evidence of his guilt. We agree with appellant's contention and reverse.

Appellant testified at the guilt-or-innocence phase. On cross-examination the prosecutor introduced into evidence appellant's two prior convictions for sale of heroin and possession of narcotic paraphernalia. These two convictions were admitted solely to aid the jury in judging the credibility of appellant as a witness.

During final argument to the jury at the guilt-or-innocence stage the prosecutor made the following remarks:

Mr. Clowe [Prosecuting Attorney]: He'll sell it [heroin] to anyone who comes along, just as he did then, and just as he's doing now.

Mr. Bayless [Defense Attorney]: Your Honor, I object to that argument.

The Court: I'll sustain, because the record doesn't reflect what the "the[n]" means.

Mr. Clowe: I'm referring to his admitted prison packets here. And you can look at that. (Indicating.)

Mr. Bayless: All right, Your Honor, now I'm going to object to the remark of the prosecutor, in that it is an attempt by the prosecutor to offer evidence of his prior conviction as evidence of his guilt in this case, which violates the Court's charge. And I will object to it on that ground.

The Court: The objection will be overruled.

The prosecutor invited the jury to consider appellant's two prior convictions for a wholly improper purpose, namely as evidence of appellant's guilt on the delivery of heroin charge. Defense counsel objected to this argument, and the court sustained the initial objection. In spite of this objection being sustained, the prosecutor persisted in his argument, pointing to appellant's prison packets and emphasizing to the jury that it should consider them as evidence of appellant's guilt. By continuing his improper argument after an objection had been sustained, the prosecuting attorney compounded the prejudice to appellant. Immediately after the prosecutor's second improper comment, defense counsel objected again and apprised the court of the precise nature of his objection. This objec-

tion was overruled. In its charge the court instructed the jury that appellant's prior convictions were admitted solely on the issue of appellant's credibility as a witness.

It is well established that when evidence of prior convictions is admitted solely on the issue of the defendant's credibility as a witness, the State may not argue to the jury that the prior convictions are evidence of the defendant's guilt. *Martini v. State,* 199 S.W.2d 784 (Tex.Crim.App.1947); *Smith v. State,* 29 S.W.2d 350 (Tex.Crim.App. 1930); *Jarrott v. State,* 257 S.W. 256 (Tex. Crim.App.1924). Such argument constitutes reversible error. *Smith v. State,* supra; *Jarrott v. State,* supra. A limiting instruction in the court's charge is insufficient to cure this error. *Smith v. State,* supra; *Jarrott v. State,* supra.

In *Smith* the prosecutor argued that the defendant's prior conviction for a liquor law violation was evidence of his guilt on the charge of unlawful possession of a still for the manufacture of intoxicating liquor. The trial court instructed the jury to disregard this argument and also gave a limiting instruction in its charge to the jury. The improper argument nevertheless was held to be reversible error.

In *United States v. Garber,* 471 F.2d 212 (5th Cir. 1972), the prosecuting attorney argued to the jury that the defendant's prior convictions for the same crime showed a disposition to commit the offense charged. The court held that the error was so fundamental as to require reversal even though defense counsel failed to object.

Relying on *Phillips v. State,* 450 S.W.2d 650 (Tex.Crim.App.1970), the State contends that when evidence of prior convictions is admissible to impeach the defendant as a witness, argument referring to these convictions is proper. Such argument is proper only insofar as it is limited to the issue of the defendant's credibility as a witness. We find nothing in *Phillips,* supra, inconsistent with the authorities cited above.

The judgment is reversed and the cause remanded.