# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00413-CR

**Kenneth Sashington, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT
NO. D-1-DC-09-301198, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellant Kenneth Sashington was convicted of three counts of aggravated sexual assault of a child younger than fourteen years of age, two counts of sexual assault of a child younger than seventeen years of age, one count of indecency by contact with a child younger than seventeen years of age, and one count of indecency by exposure with a child younger than seventeen years of age. *See* Tex. Penal Code §§ 21.11(a)(1)–(2), 22.011(a)(2), 22.021(a)(2)(B). The indictment alleged the acts of sexual abuse were committed against a single victim, the daughter of the Appellant's girlfriend. The jury assessed punishment for each offense as follows: ninety-nine years' imprisonment for each offense of aggravated sexual assault of a child; twenty years' imprisonment for each offense of sexual assault of a child; twenty years' imprisonment for the offense of indecency with a child by contact; and ten years' imprisonment for the offense of indecency with a child by exposure. The trial court ordered all sentences to run concurrently. On appeal, the Appellant

contends the trial court erred by: (1) admitting evidence of a tattoo on his chest, and (2) permitting the State to argue to the jury they should consider a prior statement by a witness as substantive evidence of his guilt, rather than mere impeachment evidence. For the reasons that follow, we affirm the trial court's judgment.

In his first and second issues on appeal, the Appellant contends the trial court abused its discretion in admitting evidence of a tattoo on his chest, which he contends was irrelevant and unfairly prejudicial. The alleged victim in this case testified that the Appellant infected her with the herpes virus during a sexual assault and that he had a tattoo across his chest reading "Kentagious." Appellant's counsel objected to the testimony regarding the tattoo on the grounds that it was irrelevant and unfairly prejudicial. The trial court overruled the objection. Later in the trial, however, the State offered a photograph of the tattoo in evidence. Appellant's counsel responded, "No objection." The Appellant's response of no objection waived his claim to challenge the admissibly of the photograph on appeal. *Holmes v. State*, 248 S.W.3d 194, 201 (Tex. Crim. App. 2008). Further, the Appellant's failure to object to the photograph of the tattoo also waived his right to challenge on appeal testimony depicting the tattoo because "[a]n error in the admission of evidence is cured where the same evidence comes in elsewhere without objection." *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003); *see also Lopez v. State*, 253 S.W.3d 680, 684 (Tex. Crim. App. 2008) (noting objection must be made each time inadmissible evidence is offered). Accordingly, we overrule the Appellant's first and second issues on appeal. *See* Tex. R. App. P. 33.1.

2

In his third issue on appeal, the Appellant contends the trial court committed reversible error by permitting the prosecuting attorney to argue to the jury that they should consider a prior statement by a witness as substantive evidence of his guilt, rather than mere impeachment evidence. The mother of the alleged victim in this case made a prior statement to the police that the Appellant had admitted to her that he began having sexual intercourse with her daughter when she was in the tenth grade. When asked about the statement during the State's direct examination, however, the mother testified that she remembered the Appellant admitting to having sexual intercourse with her daughter, but she did not remember the Appellant telling her the abuse began in the tenth grade. The prosecuting attorney then handed the mother a copy of her statement to refresh her memory, but she testified that the statement had been written by a police officer and that she still had no memory of the Appellant saying the abuse began in the tenth grade. The State then offered into evidence and published a videotape of the mother's statement to the police in which she states the Appellant told her the sexual abuse began in the tenth grade. At Appellant's request, the trial court instructed the jury that they could consider the videotape for impeachment purposes only. The State thereafter offered the evidence again as substantive evidence as an admission by a party-opponent. The Appellant made no objection.

During closing arguments, the prosecuting attorney argued that the jury should consider the Appellant's admission to the mother that he began having sexual intercourse with the alleged victim in the tenth grade as substantive evidence of the Appellant's guilt on the sexual

assault of a child and indecency with a child charges.[1]  Appellant objected on the grounds that the statement had been offered for impeachment purposes only and was not substantive evidence.  The trial court overruled the objection.  It is improper for a prosecutor to ask a jury to consider evidence that is the subject of a limiting charge by the trial court as evidence of a defendant's guilt.  *Sanchez v. State*, 591 S.W.2d 500, 502 (Tex. Crim. App. 1979); *Miranda v. State*, 813 S.W.2d 724, 735 (Tex. App.—San Antonio 1991, pet. ref'd); *see also Key v. State*, 492 S.W.2d 514, 516 (Tex. Crim. App. 1973) (testimony admitted only for impeachment purposes is without probative value and cannot be considered in determining the sufficiency of evidence supporting conviction).  The State, however, also offered the statement as substantive evidence without objection from the Appellant.  Therefore, we conclude Appellant has waived this issue on appeal.  *See* Tex. R. App. P. 33.1.

Assuming Appellant had preserved error, we would still conclude the trial court did not abuse its discretion by permitting the State to argue the evidence proved the Appellant's guilt.  After the State published her recorded statement, the mother continued to deny she had any memory of the Appellant stating that the abuse began in the tenth grade.  During the State's redirect examination, however, the mother recollected the details of her conversation with the Appellant.  She testified that during the conversation the Appellant had not given her a precise date on which the abuse began but that she had deduced from the context of his statements that the abuse started "around 10th grade."  Based on her interpretation of the conversation, she testified that she had reported to the police that the Appellant admitted that the abuse began in the tenth grade.

---

[1]  In the tenth grade, the alleged victim was less than seventeen but older than fourteen years of age.  The mother's statement did not benefit the State on the charges of aggravated sexual assault of a child less than fourteen years of age.

As the mother testified from her present recollection that she understood the Appellant as having admitted to sexually abusing her daughter beginning in the tenth grade and that she had reported this information to the police, we would conclude this evidence was substantive and the proper subject for jury argument. *See Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008) (summation of evidence proper jury argument). While her prior statement itself may have been admissible for impeachment purposes only,[2] the mother's revived recollection was substantive evidence of the events at issue. *See Wood v. State*, 511 S.W.2d 37, 42 (Tex. Crim. App. 1974) (memorandum used to refresh witness's present recollection not admissible as substantive evidence unless it falls within hearsay exception, but testimony given by witness from revived recollection is evidence of events in issue). Accordingly, even if the Appellant had preserved error, we would still conclude the trial court did not abuse its discretion by permitting the State's jury argument.

---

[2] Traditionally, the prior statements of a witness are hearsay and not admissible as substantive evidence if offered to prove the truth of the matter asserted. *Miranda v. State*, 813 S.W.2d 724, 735 (Tex. App.—San Antonio 1991, pet. ref'd). On appeal, however, the State argues the mother's prior statement to the police was admissible under the prior recorded recollection exception to the hearsay rule. *See* Tex. R. Evid. 803(5). We would disagree. The predicate for the admission of evidence as a prior recorded recollection requires that the witness have no present recollection of the events at issue. *Johnson v. State*, 967 S.W.2d 410, 416 (Tex. Crim. App. 1998). Here, the witness eventually regained her memory and testified as to her present recollection of the events. *See Welch v. State*, 576 S.W.2d 638, 641 (Tex. Crim. App. 1979) ("A witness testifies from present recollection what he remembers presently about the facts in the case."). Accordingly, we would conclude her prior statement was not admissible as a prior recorded recollection. The mother's testimony recollecting her conversation with the Appellant, however, was substantive evidence of his guilt. *See Wood v. State*, 511 S.W.2d 37, 43 (Tex. Crim. App. 1974) (when a witness has present recollection of events after memory is refreshed, "the important thing and that which goes in evidence is the revived recollection of witness").

5

**CONCLUSION**

For the foregoing reasons, we affirm the judgment of the trial court.


_____

Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed:   March 14, 2014

Do Not Publish