

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-17-00243-CR
_____

DOMINGO CHASCO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2014-402,711, Honorable Jim Bob Darnell, Presiding

January 15, 2019

OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

Appellant Domingo Chasco appeals from his conviction by jury of the offense of indecency with a child[1] and the resulting sentence of thirty years of confinement. Appellant challenges his conviction through three issues. We will affirm.

---

[1] TEX. PENAL CODE ANN. § 21.11 (West 2018).

## Background

Appellant was indicted for the felony offense of indecency with R.T., his niece by marriage. Evidence showed that appellant was married to the sister of R.T.'s mother. In about 2009, when R.T. was about twelve, she told her mother that appellant repeatedly had touched her inappropriately.

After R.T.'s outcry, her mother and several other family members confronted appellant at his home. R.T. testified that appellant said, "I'm sorry if it ever did happen, and I don't really remember because most of the time I was drunk."

Police were not notified of R.T.'s allegations against appellant until 2013. In August 2014, R.T. and her mother signed affidavits of non-prosecution.

R.T. was twenty years old by the time of trial. She testified appellant's touching of her genitals began when she was six or seven years old and continued until she began junior high school. She said the touching often occurred while she and appellant were wrestling, sometimes as he put his hand on her private area when he performed a particular maneuver of lifting her to his shoulders. She said appellant sometimes touched her genitals on the outside of her clothes and sometimes on the inside. "He would, again, wrestle with me and somehow manage to unbutton my pants."

R.T. testified she signed the non-prosecution affidavit because she was "scared," "had already talked to so many people," and she was "so over it." She told the jury she did not sign the affidavit because appellant did not touch her. Rather, she signed it because she did not want to testify.

R.T.'s sisters, V.G. and D.M., ages twenty-eight and twenty-four, respectively, at trial, testified to similar incidents in which appellant inappropriately touched them while wrestling. D.M. told the jury that appellant "would just wrestle with you at first and then from there he would slowly move his hand down your pants, or on top of your pants but closer to your private areas, and then just move his hands back and forth." Like those described by R.T., the incidents occurred with other people in the room. The sisters did not tell anyone about the touching until many years later. S.E., appellant's step-sister, also testified to incidents of touching, including an instance in which appellant rubbed her vagina while wrestling with her. Appellant raised objections to the testimony of V.G., D.M., and S.E. and requested a contemporaneous limiting instruction regarding their testimony. The trial court overruled his objections and did not provide the contemporaneous limiting instruction; the instruction was included in the court's charge to the jury.

Appellant also testified. He admitted he wrestled with the children of the family, both male and female. He told the jury no one ever told him he was being too rough or made other comments about his treatment of the children. His memory of the 2009 family confrontation did not include an accusation of inappropriate touching. He said the family members made it sound as though one of the children was hurt because he was being too rough. Appellant said he did not learn of the true nature of the accusations until police contacted him in 2013. Appellant testified, and other evidence showed, that he continued to attend the family's frequent gatherings after the confrontation and after the criminal investigation began years later. Appellant repeatedly denied that he touched R.T. or any other child in an inappropriate manner. He also told the jury he believed the accusers

3

pursued the accusations against him for other reasons including "money, envy and jealousy."

## Analysis

### Sufficiency of the Evidence

We will address appellant's third issue first, by which he contends the State failed to prove beyond a reasonable doubt that he inappropriately touched R.T. He argues R.T.'s testimony was unclear, she did not inform an adult until many years after the incidents, and the adults did not inform the police when R.T. did tell them.

An appellate court reviewing the sufficiency of the evidence to support a conviction considers all the evidence in the record, whether direct or circumstantial, and whether properly or improperly admitted. *Clayton v. State,* 235 S.W.3d 772, 778 (Tex. Crim. App. 2007); *Hooper v. State,* 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). To assess whether the evidence is sufficient to support a conviction, we review all the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319 (1979); *Brooks v. State,* 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). "[O]nly that evidence which is sufficient in character, weight, and amount to justify a fact finder in concluding that every element of the offense has been proven beyond a reasonable doubt is adequate to support a conviction." *Brooks,* 323 S.W.3d at 917.

When reviewing the evidence under the *Jackson* standard of review, we consider whether the jury's finding of guilt was a rational finding. *Id.* at 907. We must "defer to the

4

jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony." *Id.* at 899-900. As stated by the Supreme Court in *Jackson,* the standard of review "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319.

To prove appellant committed the offense for which he was charged, the State had to prove appellant intentionally or knowingly engaged in sexual contact with R.T., by touching the genitals of R.T., a child younger than 17 years. TEX. PENAL CODE ANN. § 21.11. "Sexual contact" includes any touching of the genitals of a child, including touching through clothing, if committed with the intent to arouse or gratify the sexual desire of a person. TEX. PENAL CODE ANN. § 21.11(c)(1). The testimony of a victim of a sexual offense alone is sufficient to support a conviction for indecency with a child by sexual contact. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07(a), (b)(1) (uncorroborated testimony of victim is sufficient to support conviction for sexual offense if victim was 17 years of age or younger at the time of the offense); *see also Ryder v. State,* 514 S.W.3d 391, 396 (Tex. App.—Amarillo 2017, pet. ref'd) (citation omitted).

R.T. testified appellant was married to her aunt. R.T. and her family saw appellant regularly and appellant often wrestled with R.T. when she visited. She described several instances in which appellant touched her genitals as he "flipped her upside down" during his wrestling maneuvers. She said he would hold her with one hand and touch her genitals with the other, and said she sometimes would move his hand away but he "would push my hand away and put his hand back." As we have noted, she said his genital

5

touching reached both outside and, at other times, inside her clothes, and that it continued from the age of six or seven years old until she started junior high. She said she was "embarrassed" and "disgusted" by how appellant touched her. She told the jury she did not tell because she was embarrassed, scared and young. She did not tell anyone until her sister D.M. told a youth pastor that appellant had touched her.

If believed by the finder of fact, R.T.'s testimony provided evidence sufficient to support appellant's conviction. *Ryder,* 514 S.W.3d at 396 (victim testimony alone sufficient to support conviction for indecency with a child). In this instance, the jury also had before it the corroborating testimony of V.G., D.M., and S.E. regarding appellant's similar indecent conduct against them. The record contains testimony of other possible motives for the allegations against appellant. The jury had the opportunity to consider the credibility of each witness and determine which testimony to accept. From its verdict, it is clear the jury chose to believe R.T. and the other witnesses supporting her allegations. *See Chambers v. State,* 805 S.W.2d 459, 461 (Tex. Crim. App. 1991) (the jury may choose to believe all, some, or none of the testimony presented).

We find the evidence sufficient to establish the elements of indecency with a child by contact and overrule appellant's first issue.

Limiting Instruction

Appellant's first issue complains the trial court abused its discretion when, on timely request, it refused to give the jury a contemporaneous limiting instruction regarding the testimony of V.G., D.M., and S.E. to the extraneous sexual offenses appellant

committed against them. In response to appellant's request, the court said it would include a limiting instruction in its charge.[2]

Appellant argues on appeal that the failure to provide a contemporaneous instruction was error and allowed the jury to continue through the trial without knowing the proper limits on its consideration of the extraneous-offense testimony given by V.G., D.M., and S.E. The State agrees that the court erred by declining to give the contemporaneous instruction but argues the error was harmless. We agree that the record does not show appellant was harmed, but for reasons different than those argued by the State.

At trial, appellant's requested contemporaneous limiting instruction for statements made by V.G., D.M., and S.E. was tied to section 2(b) of Code of Criminal Procedure

---

[2] The charge included the following instruction:

> You are also instructed that if there is any testimony before you in this case regarding the Defendant's having committed other crimes, wrongs, or acts against [R.T.] or against [V.G.], [D.M.] or [S.E.] other than the offense alleged against him in the indictment in this case which are similar to that which is relied upon by the State for conviction, you cannot consider such other transactions or acts, if any, for any purpose unless you find and believe beyond a reasonable doubt that the Defendant committed such other crimes, wrongs, or acts against [R.T.] or against [V.G.], [D.M.], or [S.E.], if any were committed, and even then you may only consider the same for the purpose of determining intent, knowledge, absence of mistake or accident and the character of the defendant and acts performed in conformity with the character of the defendant, and for no other purpose.

The charge contained also two other limiting instructions, one consistent with Rule of Evidence 404(b)(2) and apparently aimed at evidence showing appellant's prior DWI conviction; the other regarding evidence of other crimes against R.T., containing language consistent with section 1(b) of article 38.37 of the Code of Criminal Procedure. *See* TEX. R. EVID. 404(b); TEX. CODE CRIM. PROC. ANN. art. 38.37, § 1(b). No issue on appeal is raised regarding any of the instructions contained in the charge.

article 38.37. That section permits, notwithstanding Rules of Evidence 404 and 405, admission of evidence of certain extraneous sexual offenses committed by the defendant "for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant." TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2(b). Consistent with that statutory authorization, counsel's requested contemporaneous instruction would have told jurors they could consider testimony of offenses against any child other than R.T. "only . . . for any bearing the evidence may have on relevant matters including the character of the [d]efendant and acts performed in conformity with the character of the [d]efendant."

Despite the specificity of the instruction requested at trial, appellant's argument on appeal does not cite article 38.37, much less discuss the application of its section 2(b) to appellant's contention he was harmed by the court's failure to give the requested contemporaneous instruction. Rather, citing *Rankin v. State*, 974 S.W.2d 707 (Tex. Crim. App. 1996),[3] appellant contends the absence of the contemporaneous instruction meant "jurors were allowed to sit through the entirety of [appellant's] trial on guilt/innocence without a proper instruction as to how the testimony from V.G., D.M. and S.E. should be treated."

As to harm, appellant argues merely that the harm caused by omission of the contemporaneous instruction was "in the same vein" as that discussed in *Rankin*, "a jury 'forming an indelible perception of the defendant that will work unfairly to his inevitable

---

[3] Appellant also cites *Hammock v. State,* 46 S.W.3d 889 (Tex. Crim. App. 2001), in which the court reiterated its holding that "[i]f a limiting instruction is to be given, it must be when the evidence is admitted to be effective." *Id.* at 894 (citing *Rankin*, 974 S.W.2d at 713).

detriment.'"  *See Rankin*, 974 S.W.2d at 712.  But section 2 of article 38.37 recognizes that extraneous-offense evidence "is, by definition, propensity or character evidence and that it is admissible notwithstanding those characteristics."  *Harris v. State,* 475 S.W.3d 395, 402 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd) (citing *Bradshaw v. State,* 466 S.W.3d 875 (Tex. App.—Texarkana 2015, pet. ref'd)); *see Bezerra v. State,* 485 S.W.3d 133, 139 (Tex. App.—Amarillo 2016, pet. ref'd) (quoting *Harris*).

Appellant does not explain, and we do not perceive, what improper use the jury might have made of the extraneous-offense testimony it heard from V.G., D.M., and S.E., given that the testimony was admissible "for any bearing the evidence has on relevant matters . . . ."  *See, e.g., Bezerra*, 485 S.W.3d at 141 (discussing probative value of propensity evidence).  *See generally* State Bar of Texas, Texas Criminal Pattern Jury Charges: Crimes against Persons & Property, § 84.1 (2016) (discussing instructions under article 38.37).

Under Rule of Appellate Procedure 44.2(b), we disregard a trial court's error unless it affected the appellant's substantial rights.  Tex. R. App. P. 44.2(b); *Gonzalez v. State,* 541 S.W.3d 306, 313 (Tex. App.—Houston [14th Dist.] 2017, no pet.).  A "substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict."  *Gonzalez,* 541 S.W.3d at 313 (citation omitted).  An error does not affect a substantial right if we have "fair assurance that the error did not influence the jury, or had but a slight effect."  *Id.* at 313-14 (citations omitted).  Assuming, without deciding, that appellant and the State are correct that the trial court erred by denying appellant's requested contemporaneous instruction, we conclude that the error in this case did not

deprive appellant of a substantial right. Accordingly, we resolve appellant's first issue against him.

Admission of Evidence

In appellant's second issue, he asserts the trial court abused its discretion when it allowed D.M. to testify about a telephone call she received from appellant. He argues that admission violated Rule of Evidence 403. *See* TEX. R. EVID. 403.

D.M. testified, over appellant's numerous objections, that she spoke with appellant on the phone in December 2016. During that conversation, he kept "saying he was sorry." She testified appellant did not give her any context for the apology. She told the jury she thought he was apologizing for "[w]hat he had did to me" because there was nothing else for which appellant would need to apologize.

We review the trial court's admission of evidence for an abuse of discretion and will not disturb the trial court's decision if the ruling was within the zone of reasonable disagreement. *Bigon v. State,* 252 S.W.3d 360, 367 (Tex. Crim. App. 2008). Rule of Evidence 403 provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." TEX. R. EVID. 403. In making its determination on a Rule 403 objection, the trial court must balance the following considerations: (1) the inherent probative force of the proffered evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main

10

issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco v. State,* 210 S.W.3d 637, 641-42 (Tex. 2006).

Considering the relevant factors, we find the trial court did not abuse its discretion in permitting the testimony. The jury was instructed that it could consider the testimony regarding appellant's extraneous offenses against V.G., D.M., and S.E. only if it found beyond a reasonable doubt that appellant committed the offenses. That appellant apologized to D.M. is evidence of a consciousness of guilt of his indecent conduct toward her, a circumstance that tends to prove he committed the extraneous indecency offense. *See Smith v. State*, No. 03-11-00597-CR, 2013 Tex. App. LEXIS 11678, *16-17 (Tex. App.—Austin September 17, 2013, pet. ref'd) (mem. op., not designated for publication) (quoting *Torres v. State*, 794 S.W.2d 596, 598 (Tex. App.—Austin 1990, no writ) ("[a] consciousness of guilt is perhaps one of the strongest kinds of evidence of guilt")). We have noted the probative value of the propensity evidence permitted by article 38.37. *See Bezerra*, 485 S.W.3d at 141 ("[a] defendant having committed the same crime for which he is charged is inherently probative"). The State may not have had a great need for evidence of appellant's apology to D.M. because of the number of victims who testified to appellant's indecent conduct and, to some degree the evidence repeated evidence the jury already had heard. As we have noted, R.T. testified that, when confronted by family members regarding the allegations of his improper conduct, appellant responded, "I'm sorry if it ever did happen, and I don't really remember because most of the time I was drunk." But we think D.M.'s testimony of appellant's apology had little tendency to distract

11

the jury, and had little tendency to be given undue weight.  The testimony consumed little time.   Rule 403 permits exclusion of relevant evidence if its probative value is "substantially outweighed" by prejudicial dangers.  Because the trial court did not abuse its discretion in its ruling, we resolve appellant's second issue against him.

## Conclusion

Having overruled each of appellant's issues, we affirm the judgment of the trial court.

James T. Campbell
Justice

Publish.