Kevin Jewell, Justice
Appellant Andrew Gonzalez, Jr. appeals his conviction for assault on a family member as a second offender. In three issues, appellant argues the trial court erred in: (1) overruling his objection to the admissibility of the charging instrument for a prior assault against the same complainant; (2) failing to give a limiting instruction when admitting the charging instrument of the prior assault; and (3) overruling appellant's objection to the State's allegedly improper jury argument.
We affirm.
Background
A grand jury indicted appellant for the offense of assault against a family member as a second offender. The State alleged that appellant assaulted his girlfriend, Patty,[1] with whom appellant had a dating relationship and shared an apartment. The indictment further alleged that appellant was previously convicted of assault against a family member. Appellant pleaded "not guilty" to the charged offense, and the case proceeded to trial.
Jennifer Terriquez and her boyfriend, Stephen Gutierrez, visited appellant and Patty at the latter couple's apartment on the night of the alleged assault. At some point during the evening, appellant began yelling at Patty. Patty packed a bag and started to leave the apartment. According to Jennifer, appellant grabbed Patty's bag, threw it aside, and hit Patty in the back of *309 her head as she exited the apartment. Patty ran down the stairs to the ground level, and appellant chased her. Jennifer and Stephen followed. When Jennifer caught up, she saw appellant kicking Patty and pulling her hair as she lay on the ground. Jennifer called 911.
Stephen's sister, Ericka, lived next-door. Ericka was at home when she heard a man and a woman screaming outside. Ericka opened the front door and saw appellant kicking Patty, who was "crouched down" on the ground. Ericka also called 911, and then went outside to help Patty. Ericka helped Patty walk to Ericka's porch, and Ericka locked the gate in front of her house to prevent appellant from entering the property.
Paramedics arrived and treated Patty. The paramedics' report documented that Patty was five months' pregnant; that Patty told the paramedics she fought with her boyfriend, who pushed her to the ground; and that Patty said she "needed HPD [Houston Police Department] to file a report," but that otherwise she was "fine" and had "no belly pain ... [and] no bleeding." Patty refused transportation to the hospital for further observation or treatment.
HPD officers David Carrucini-Ruiz and Jesus Gutierrez (no apparent relation to Ericka or Stephen) responded to the 911 call. Upon arriving, Officer Carrucini-Ruiz spoke with Patty, who told him that she was pregnant and appellant had grabbed her by the hair, pushed her to the ground, kicked her in the stomach, and attempted to choke her. Officer Carrucini-Ruiz testified that he did not see any visible injuries on Patty.
Though appellant fled the scene when Ericka came to assist Patty, he returned about twenty minutes later while police were investigating. Jennifer and Ericka identified appellant to the officers as the person who assaulted Patty. According to Officer Carrucini-Ruiz, appellant also matched the description from the 911 call. Officer Carrucini-Ruiz approached appellant and asked if he assaulted Patty. Appellant said no. At that point, appellant "started getting loud," and the police officers decided to detain him in a patrol car. Resisting the officers' efforts, appellant attempted to kick the officers, at which time the officers placed appellant in leg restraints. As Patty watched, she told the officers that she was going to record them on her cell phone. Then, contradicting her prior statements to the officers, and contradicting the statements of Jennifer and Ericka, Patty insisted appellant did not assault her and she "made everything up." According to Officer Carrucini-Ruiz, once the officers placed appellant in the patrol car, Patty said to appellant, "I love you, Baby. I'm going to drop the charges." Patty did not testify at trial to either confirm or refute the officer's testimony.
The State desired to elevate the charged offense to a felony, which required proof of one prior family-violence assault conviction.[2] The charged offense allegedly occurred on October 12, 2015. A latent fingerprint examiner with the Harris County Sheriff's Office matched appellant's fingerprints to fingerprints on a 2014 judgment in Cause Number 1450952, in the 232nd District Court of Harris County, which documented appellant's conviction for assault of a family member. The court also admitted the charging instrument (the "complaint") related to the prior conviction. Appellant objected to admission of the complaint based on Texas Rule of Evidence 404(b) because the complaint specifically named Patty as the complainant.
*310 The jury found appellant guilty of the charged offense. The trial court then arraigned appellant on two enhancements, to which appellant pleaded "not true." The jury found the first enhancement paragraph (regarding an attempted burglary conviction) not true, and found the second enhancement paragraph (regarding a robbery conviction) true. The jury assessed appellant's punishment at eleven years' confinement.
Appellant now appeals his conviction.
Analysis
A. Evidentiary Ruling
In his first issue, appellant argues that the trial court erred in overruling his objection to the admissibility of the complaint resulting in his 2014 conviction for assault of a family member. Appellant contends the complaint's admission into evidence violated Rule 404(b) because the complaint identified Patty as the complainant in 2014, when Patty was also the complainant as to the charged offense. According to appellant, admission of the 2014 complaint erroneously permitted the jury to find him guilty of assaulting Patty on October 12, 2015, based on his conviction for assaulting Patty in 2014. We disagree.
1. Standard of review and governing law
Evidence of a person's crime, wrong, or other act is not admissible to prove that person's character in order to show that the person acted in conformity with that character when allegedly committing the charged offense. See Tex. R. Evid. 404(b)(1) ; see also Powell v. State , 63 S.W.3d 435, 438 (Tex. Crim. App. 2001) ; Montgomery v. State , 810 S.W.2d 372, 386-88 (Tex. Crim. App. 1990) (op. on reh'g). Evidence of other offenses, however, may be admissible when the evidence is relevant to a fact of consequence in the case. See Tex. R. Evid. 404(b)(2) ; Montgomery , 810 S.W.2d at 387-88. For instance, evidence of other crimes or wrongs may be admissible if it tends to establish some elemental fact, such as identity, intent, or knowledge; tends to establish some evidentiary fact, such as motive, opportunity, plan, or preparation, leading inferentially to an elemental fact; or rebuts a defensive theory by showing, e.g., absence of mistake or lack of accident. Montgomery , 810 S.W.2d at 387-88 ; see also Tex. R. Evid. 404(b)(2). If the trial court determines the offered evidence has independent relevance apart from or beyond character conformity, the trial court may admit the evidence and instruct the jury the evidence is limited to the specific purpose the proponent advocated. See Prince v. State , 192 S.W.3d 49, 54 (Tex. App.-Houston [14th Dist.] 2006, pet. ref'd) (citing Montgomery , 810 S.W.2d at 387-88 ).
Because trial courts are best-suited to decide these substantive admissibility questions, an appellate court reviews admissibility rulings under an abuse of discretion standard. Powell , 63 S.W.3d at 438. This standard requires that we affirm admissibility rulings when they are within the zone of reasonable disagreement. Id.
2. The parties' arguments
During the guilt-innocence phase of trial, the State offered the complaint and judgment associated with appellant's prior conviction for assault of a family member. Appellant did not object to admission of the judgment, but objected to the complaint because it named Patty as the complainant. Appellant argued that admitting the complaint was unnecessary because only the judgment of conviction was needed to enhance the charge to a felony. The prior complaint, appellant contended, served no purpose other than to show "that if he did it once before, he probably *311 did it again." The trial court overruled appellant's objection.
The trial court did not explain the basis for its ruling, but the State urged two grounds for the complaint's admissibility. First, the State argued it was relevant under Code of Criminal Procedure article 38.371, which allows, among other things, testimony or evidence concerning the nature of the relationship between the actor and the alleged victim in certain offenses involving family or dating violence. See Tex. Code Crim. Proc. art. 38.371(b). According to the State, the complaint was relevant to explain material, non-character-conformity fact issues, such as why Patty recanted her initial allegation, why the jury should credit Patty's initial allegation, and why Patty was absent from trial.
Alternatively, the State argued that the complaint was relevant to prove that appellant and Patty were in a dating relationship, which is one way of establishing one of the elements of the charged offense.[3]
Article 38.371 provides, for certain family-violence offenses, including the one for which appellant was convicted:
(b) In the prosecution of an offense described by Subsection (a), subject to the Texas Rules of Evidence or other applicable law, each party may offer testimony or other evidence of all relevant facts and circumstances that would assist the trier of fact in determining whether the actor committed the offense described by Subsection (a), including testimony or evidence regarding the nature of the relationship between the actor and the alleged victim.
(c) This article does not permit the presentation of character evidence that would otherwise be inadmissible under the Texas Rules of Evidence or other applicable law.
Tex. Code Crim. Proc. art. 38.371 (emphasis added). Article 38.371 became effective on September 1, 2015, and we have found no reported appellate court decision to date that has had occasion to apply it.[4]
With the parties' arguments in mind, we turn to an analysis of whether the trial court's ruling was correct on any theory of law applicable to the case. See McDuff v. State , 939 S.W.2d 607, 619 (Tex. Crim. App. 1997).
3. Application
We first address the State's argument that the complaint was admissible to *312 explain Patty's recantation and her absence from trial, and to lend credence to her initial allegation. Appellant argues that allowing the State to use the complaint to prove the nature of the couple's relationship under article 38.371"is specifically what Rule 404(b) sets out to exclude." We disagree that article 38.371 conflicts with Rule 404(b), or that the State's reliance on article 38.371 to support the complaint's admission is an end-run around Rule 404(b). Article 38.371(b) states that it is subject to the Texas Rules of Evidence, and article 38.371(c) does not permit the presentation of character evidence that otherwise would be inadmissible under the Texas Rules of Evidence. See Tex. Code Crim. Proc. art. 38.371. The trial court could have concluded that the evidence was admissible to refute appellant's defensive theory that Patty fabricated the assault or that no assault actually occurred. See Banks v. State , 494 S.W.3d 883, 892-93 (Tex. App.-Houston [14th Dist.] 2016, pet. ref'd) (applying Rule 404(b) and affirming admission of prior conviction to rebut defensive theory of fabrication of charged assault); see also McDuff , 939 S.W.2d at 619 (reviewing court will sustain trial court's admissibility ruling if it is correct on any theory of law applicable to the case). From the beginning of trial, appellant's defensive theory was that the assault never happened. During opening statements, appellant's counsel told the jury that Patty would testify that appellant "didn't hit her. He didn't punch her. He didn't pull her hair.... [W]hen [police] arrived on the scene minutes after this allegedly happened ... they did not see any injuries whatsoever on her." Appellant's counsel then asked the jury to be thinking when listening to witnesses' testimony whether the assault "really happened." This theory, first raised before the jury heard any evidence, opened the door for the State to prove that the assault happened as Patty initially alleged, but that Patty recanted her allegations out of fear of, or love for, appellant. See Bass v. State , 270 S.W.3d 557, 563 (Tex. Crim. App. 2008) (holding extraneous offense was admissible to rebut defense claim of fabrication made during opening statement). Article 38.371 permits evidence of "all relevant facts and circumstances that would assist the trier of fact in determining whether the actor committed the offense ..., including testimony or evidence regarding the nature of the relationship between the actor and the alleged victim." Tex. Code Crim. Proc. art. 38.371(b). The complaint on which appellant's prior assault conviction was based is relevant, and within the scope of evidence permitted by article 38.371, because it goes directly to appellant's defensive theory that the offense never occurred.
Moreover, as this court has noted, complainants in family-violence cases often do not testify at trial. See Spencer v. State , 162 S.W.3d 877, 878 (Tex. App.-Houston [14th Dist.] 2005, pet. ref'd). The nature of the relationship between the actor and alleged victim may be relevant to, among other things, confirm the alleged victim's initial-and later recanted-statements to police, or to explain the alleged victim's unwillingness to cooperate with law enforcement or prosecution. Neither use contravenes Rule 404(b)'s prohibition against use of character-conformity or propensity evidence because the State is not relying on the evidence to convince the jury of appellant's guilt on the basis that appellant was acting "in accordance with [his] character." Tex. R. Evid. 404(b)(1).
We conclude that it is at least within the zone of reasonable disagreement that the prior complaint was admissible for the non-character-conformity purposes of (1) explaining Patty's recantation and (2) rebutting appellant's defensive theory that *313 Patty initially fabricated her allegations against him. See Tex. R. Evid. 404(b)(2) ; Banks , 494 S.W.3d at 892-93.
The two cases appellant cites do not support a contrary conclusion. In Robles v. State , 85 S.W.3d 211 (Tex. Crim. App. 2002), the Court of Criminal Appeals held that the trial court erred in denying a defendant's motion to suppress evidence of prior convictions, relying on Rule 403, when the defendant offered to stipulate to the prior convictions. Id. at 212-13. Robles analyzed a Rule 403 argument; whereas appellant's issue here involves a Rule 404(b) objection. Moreover, appellant refused to stipulate to the prior conviction, and the complaint had probative value regarding at least one contested and material fact issue-i.e., to explain Patty's recantation of her initial allegation of assault. Accordingly, we do not agree with appellant that the "rationale in Robles applies as well in the instant case."
Appellant also relies on Taylor v. State , 442 S.W.3d 747 (Tex. App.-Amarillo 2014, pet. ref'd). In that case, the appellant challenged the admission of two prior convictions when only one was necessary for a jurisdictional enhancement. Id. at 750. Taylor offered to stipulate to one prior conviction, but argued that admitting the second prior conviction into evidence violated Rule 404(b). Id. at 750-51. The court of appeals agreed with Taylor and reversed, noting that the evidence regarding the prior conviction had no probative value and served solely to inflame the jury. Id. at 751-52. Here, in contrast, the identity of the complainant for appellant's 2014 conviction was relevant to issues that did not arise in Taylor .
We hold that the trial court did not abuse its discretion in overruling appellant's Rule 404(b)(2) objection and, accordingly, we overrule appellant's first issue.
B. Limiting Instruction
In his second issue, appellant argues that, should we overrule his first issue, the trial court nonetheless erred because it denied appellant's request for a limiting instruction at the time the court admitted the evidence.
1. Standard of review and governing law
Upon request, the trial court must give a limiting instruction to the jury at the time that extraneous-offense evidence is offered. See Tex. R. Evid. 105(a) ; see also Delgado v. State , 235 S.W.3d 244, 251 (Tex. Crim. App. 2007). If the trial court errs in failing to give a limiting instruction when required, the appellate court shall determine whether the error is harmless. See Jones v. State , 944 S.W.2d 642, 653 (Tex. Crim. App. 1996) (holding that harmless-error analysis is applicable to trial court's failure to give Texas Rule of Evidence 105(a) limiting instruction upon admission of extraneous-offense evidence). Because the failure to give a timely Rule 105(a) limiting instruction is non-constitutional error, Rule of Appellate Procedure 44.2(b) applies. Tex. R. App. P. 44.2(b) ; Rankin v. State , 995 S.W.2d 210, 215 (Tex. App.-Houston [14th Dist.] 1999, pet. ref'd). When applying Rule 44.2(b), we disregard the error unless it affected appellant's substantial rights. Id. A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. King v. State , 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). Conversely, an error does not affect a substantial right if we have "fair assurance that the error did not influence the jury, or had but a slight effect." Solomon v. State , 49 S.W.3d 356, 365 (Tex. Crim. App. 2001) (internal quotation omitted); see also *314 Johnson v. State , 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).
In making this determination, we review the record as a whole, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged error, and how it might be considered in connection with other evidence in the case. Motilla v. State , 78 S.W.3d 352, 355 (Tex. Crim. App. 2002). We also may consider the jury instructions, the State's theory and any defensive theories, whether the State emphasized the error, closing arguments, and even voir dire, if applicable. Id. at 355-56.
2. Application
At a bench conference, appellant asked the trial court to give a limiting instruction to the jury upon the State's introduction of the complaint. The trial court denied appellant's request. We presume for the sake of argument that the trial court erred in doing so. When admitting the complaint, the trial court did not contemporaneously instruct the jury that the jury could consider the complaint only for limited purposes. However, the court included an appropriate limiting instruction in the jury charge.[5] Appellant argues that he was "clearly harmed" by the trial court's error because the jury "was permitted to use that evidence for any purpose up until the jury charge was read." We disagree.
The trial court admitted the complaint and judgment from the prior assault during the testimony of the State's last witness. After the court admitted the complaint, the witness read a portion of the complaint; her remaining testimony, including on cross-examination, primarily related to the methodology used in fingerprint analysis. Appellant called no witnesses. Both sides then rested, the evidence closed, and the jury promptly received the jury charge, which instructed the jurors not to consider the extraneous-offense evidence as evidence of appellant's guilt.
These circumstances do not weigh in favor of finding harm. The inclusion of a limiting instruction in the jury charge, given almost immediately after the admission of the evidence, counsels against finding harm. See Rankin , 995 S.W.2d at 215 (error in failing to give contemporaneous limiting instruction regarding extraneous-offense evidence was harmless when, inter alia , the trial court submitted a limiting instruction in the jury charge and there was no evidence that jury formed an opinion regarding that evidence before it began its deliberations); accord also Salazar v. State , 222 S.W.3d 10, 17 (Tex. App.-Amarillo 2006, pet. ref'd) ("We note also that other courts evaluating harm resulting from the failure to give a contemporaneous limiting instruction have given significant weight to the time between admission of the extraneous offense evidence and the limiting instruction in the jury charge."); Lemmons v. State , 75 S.W.3d 513, 525 (Tex. App.-San Antonio 2002, pet. ref'd) (holding that error in failing to give contemporaneous instruction was harmless when limiting instruction was given "three or *315 four hours" later). We have even less cause for concern when, as here, the State made no attempt to rely on the complaint for improper purposes during the brief time between the complaint's admission and the reading of the limiting instruction in the jury charge, which we presume the jury followed. See Renteria v. State , 206 S.W.3d 689, 707 (Tex. Crim. App. 2006). Moreover, during closing arguments, both the prosecutor and defense counsel correctly instructed the jury that they were not to consider evidence of the prior assault as evidence that appellant committed the charged offense. The arguments of counsel weigh against a finding of harm. Cf. Lee v. State , 415 S.W.3d 915, 926 (Tex. App.-Texarkana 2013, no pet.) (holding that counsel's clarification during closing argument of misstatement of law in jury charge "weigh[ed] against a finding of harm").
For these reasons, we have fair assurance that the error did not influence the jury, or had but a slight effect. See Solomon , 49 S.W.3d at 365. Having found any error harmless, we overrule appellant's second issue.
C. Closing Argument
In his third issue, appellant argues that the trial court erred in overruling his objections to certain statements by the State during closing argument. Appellant contends the prosecutor urged the jury to consider appellant's prior assault conviction as evidence of guilt as to the charged offense.
1. Standard of review and governing law
The law provides for, and presumes, a fair trial, free from improper argument by the State. See Borjan v. State , 787 S.W.2d 53, 56 (Tex. Crim. App. 1990) (per curiam). Proper jury argument is generally limited to four areas: (1) summation of the evidence presented at trial; (2) reasonable deductions and inferences from the evidence; (3) responses to opposing counsel's argument; and (4) appropriate pleas for law enforcement. Alejandro v. State , 493 S.W.2d 230, 231-32 (Tex. Crim. App. 1973). Counsel's remarks during final argument must be considered in the context in which they appear. Denison v. State , 651 S.W.2d 754, 761 (Tex. Crim. App. 1983).
We review a trial court's ruling on an objection to jury argument for abuse of discretion. Smith v. State , 483 S.W.3d 648, 657 (Tex. App.-Houston [14th Dist.] 2015, no pet.).
2. Transcript of argument
We excerpt the relevant parts of the prosecutor's comments, appellant's objections, and the trial court's rulings:
[Prosecutor]: Before the police even get there, the victim is saying, I don't want to press charges. If she lied, if that's what she wants the officers to believe, then what is she so concerned about pressing charges for before they even get there? Why is she so concerned about that unless he was kicking her butt outside on the street, right?
And, so, when they start putting this defendant in leg restraints, she changes her tune again. But this time he's there, and she's shouting, that's my baby. Don't hurt him.
She's shouting because she wants him to hear her, and she wants him to know that she's not going to be the reason why he's getting arrested. Right?
Folks, there was a lot of discussion about this prior offense. You cannot find him guilty just because he did it before, but what you can do is use that prior offense to consider the nature and type *316 of relationship that is between him and [Patty].
[Defense]: Judge, I'm going to object to that. That's improper.
[The Court]: Overruled.
[Prosecutor]: You can use that prior offense to consider the existence of a relationship between him and the victim....
The nature of the relationship. I'm not going to comment too much on the nature of the relationship between this defendant and this victim. We know he's been convicted of assaulting her once before, and here we are again. I think that speaks to the nature of their relationship.
[Defense]: Judge, I'm going to object as improper argument.
[The Court]: Overruled.
[Prosecutor]: The frequency and type of interactions between the persons involved in a relationship. Let's talk about the types of interactions involved between him and the victim. Well, actually, no. I'll let y'all talk about the types of interactions involved between him and [Patty]. Right.
This, along with her actions at the scene, tell you what type of interactions happen between those two. She wants him to know she's not the reason that he's getting arrested because what's going to happen if that's what he thinks?
With this context, we turn to the merits of appellant's argument.
3. Application
Appellant objected to the prosecutor's comments as "improper" and "improper argument." The trial court overruled these objections.[6] Ordinarily, an objection to "improper argument" is too general to preserve error. See, e.g. , Miles v. State , 312 S.W.3d 909, 911 (Tex. App.-Houston [1st Dist.] 2010, pet. ref'd) (collecting cases). A general objection like the one appellant made, however, can be sufficient to preserve error when the record shows the trial court understood the nature of the objection-e.g., when the trial court denies a motion for mistrial or specifically instructs the jury concerning the same matter raised in the appeal. See, e.g. , Everett v. State , 707 S.W.2d 638, 641 (Tex. Crim. App. 1986) ; see also Vasquez v. State , 501 S.W.3d 691, 705 (Tex. App.-Houston [14th Dist.] 2016, pet. ref'd) (trial court's understanding of an objection may be evidenced by comments or admonitions after its ruling).
Appellant argues that his objections were sufficiently specific because "[t]he context of Appellant's objection was clear to the court, having previously been addressed on multiple occasions outside the presence of the jury, that this constituted a violation of Rule 404(b) [,] which prohibits the use of character conformity evidence to establish guilt on the primary charge." We presume without deciding that the trial court understood the nature of appellant's objections and error is therefore preserved. However, we conclude the trial court's rulings were not erroneous.
*317 Appellant contends that the prosecutor's comments impermissibly invited the jury to consider the prior conviction as evidence of guilt of the charged offense. The State may not argue that prior convictions are evidence of a defendant's guilt. See Melton v. State , 713 S.W.2d 107, 114 (Tex. Crim. App. 1986) (impermissible to argue that a defendant should be found guilty because of extraneous offenses); Lewis v. State , 191 S.W.3d 335, 339 (Tex. App.-Waco 2006, pet. ref'd) (same). We also must consider the comments in the context in which they appear. Denison , 651 S.W.2d at 761 ; see also Johnson v. State , 416 S.W.3d 602, 615 (Tex. App.-Houston [14th Dist.] 2013, no pet.) ("To determine if the prosecutor made an improper jury argument, the reviewing court must consider the entire argument in context, and not merely isolated sentences.").
At trial, the parties hotly disputed whether any assault occurred at all. The State's main witnesses all testified that they either saw appellant in a physical altercation with Patty or heard Patty state that appellant assaulted her. Appellant's counsel then impeached Jennifer (with prior convictions) and Ericka (with evidence of intoxication) and cross-examined Officers Carrucini-Ruiz and Gutierrez on the accuracy and credibility of their recollections. During closing argument, appellant's counsel told the jury that the State had not proven an assault occurred and urged the jury to discount what she anticipated the State's argument would be-that Patty "changed her [allegations]" because Patty was afraid of appellant.
During the State's closing argument, the prosecutor first (correctly) stated to the jury that it could not find appellant guilty based on propensity or character conformity. The prosecutor then told the jurors they could rely upon the prior complaint and judgment in "consider[ing] the nature and type of relationship that is between [appellant] and [Patty]." This comment comports with the Code of Criminal Procedure, the rules of evidence, and our holding above regarding the admissibility of the evidence. See Tex. Code Crim. Proc. art. 38.371(b) ; Tex. R. Evid. 404(b).
The second challenged comment was a response to the defensive theory that there had been no assault. In discussing the "nature of their relationship" and the "frequency and type of interactions" between appellant and Patty, the prosecutor said: "We know he's been convicted of assaulting her once before, and here we are again.... This, along with her actions at the scene, tell you what type of interactions happen between those two. She wants him to know she's not the reason that he's getting arrested because what's going to happen if that's what he thinks?" Read in context, the prosecutor's comment was not an invitation for the jury to find appellant guilty based on the prior assault. Rather, it was an argument that the jury should consider Patty's initial allegations as true and her later recantation as false and motivated by fear.
Appellant cites one case, Sanchez v. State , 591 S.W.2d 500 (Tex. Crim. App. 1979), in support of his argument. In Sanchez , the defendant was charged with delivery of heroin and testified at the guilt-innocence phase. Id. at 501. During cross-examination, the trial court admitted the defendant's prior convictions for sale of heroin and possession of narcotic paraphernalia, solely to aid the jury in judging the credibility of the defendant as a witness. Id. During closing argument, the prosecutor told the jury that the defendant will sell heroin "to anyone who comes along, just as he did" in the prior convictions "and just as he's doing now." Id. The Court of Criminal Appeals held that the *318 trial court reversibly erred in overruling the defendant's objections to the statement, because the argument invited the jury to consider the defendant's "prior convictions for a wholly improper purpose, namely as evidence of appellant's guilt on the delivery of heroin charge," for which he was on trial. Id. at 502.
We find Sanchez distinguishable. In contrast to Sanchez , in which the prosecutor's comments directly invited the jury to consider the prior convictions as evidence of the defendant's guilt of the charged offense, the prosecutor here referenced the extraneous-offense evidence to explain why Patty changed her account of what happened. The prosecutor then expressly reminded the jury that it could not consider a prior conviction as evidence of appellant's guilt.
Viewing the comments in the context in which they appear, the prosecutor's statements fell within the bounds of permissible jury argument. See Alejandro , 493 S.W.2d at 231-32 ; Denison , 651 S.W.2d at 761 ; see also Prince , 192 S.W.3d at 57 ("Because the extraneous offenses were properly admitted for limited purposes, the State's argument was a reasonable deduction from the evidence."). We hold that the trial court did not abuse its discretion in overruling appellant's objections to the prosecutor's closing argument.
We overrule appellant's third issue.
Conclusion
Having overruled appellant's issues, we affirm the trial court's judgment.

To protect the privacy of the complainant, we identify her by a pseudonym, "Patty."

See Tex. Penal Code § 22.01(b)(2).

See Tex. Penal Code § 22.01(b)(2) (felony assault against a person with whom the defendant has a dating relationship, a family member, or a member of the household); Tex. Fam. Code §§ 71.0021(b) (defining dating relationship), 71.003 (defining family member), 71.005 (defining household). The prior judgment stated that appellant was convicted of "Aslt Family Member." Because we conclude that the complaint was admissible on the State's first ground, we need not address whether it was also admissible to establish that appellant and Patty were in a dating relationship.

Similar statutes allow: (1) in murder prosecutions, admission of "testimony as to all relevant facts and circumstances surrounding ... the previous relationship between the accused and the deceased," Tex. Code Crim. Proc. art. 38.36(a) ; (2) in prosecutions of certain offenses committed against a child, admission of "evidence of other crimes, wrongs, or acts ... for its bearing on relevant matters, including ... the state of mind of the defendant and the child[,] and the previous and subsequent relationship between the defendant and the child," id. art. 38.37, § 1(b); (3) in stalking prosecutions, admission of "testimony as to ... the facts and circumstances surrounding any existing or previous relationship between the actor and the alleged victim," id. art. 38.46; and (4) in prosecutions of certain witness-tampering offenses, admission of testimony or other evidence relating to "the nature of the relationship between the actor and the witness or prospective witness," id. art. 38.48.

The charge provided:
You are instructed that certain evidence was admitted before you in regard to the defendant's having been charged and convicted of an offense or offenses other than the one for which he is now on trial. Such evidence cannot be considered by you against the defendant as any evidence of guilt in this case. Said evidence was admitted before you for the purpose of aiding you, if it does aid you, in passing upon the weight you will give the testimony, and you will not consider the same for any other purpose.

Appellant complains on appeal about another comment by the prosecutor during closing argument, but we do not address the merits of that argument because appellant did not object to it in the trial court and thus failed to preserve error. See Morris v. State , 460 S.W.3d 190, 197 (Tex. App.-Houston [14th Dist.] 2015, no pet.) (appellant waives error by failing to object to jury argument in the trial court); see also Tex. R. App. P. 33.1 ; Nadal v. State , 348 S.W.3d 304, 319 (Tex. App.-Houston [14th Dist.] 2011, pet. ref'd) ("Defense counsel objected to the first statement but not the second. Therefore, appellant did not preserve error regarding the second statement.").