

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00382-CR

_____

ANTHONY WILLIAMS, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from Criminal District Court No. 2
Tarrant County, Texas
Trial Court No. 1508462D

---

Before Kerr, Pittman, and Womack, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

### I. INTRODUCTION

Appellant Anthony Williams appeals his conviction and eighteen-year sentence for causing bodily injury to an elderly individual. In one point, Williams argues that the trial court abused its discretion by allowing the State to elicit testimony from the complainant in this case about prior assaults by Williams. We will affirm.

### II. BACKGROUND

Lucille Williams (Mother) testified at trial that she is Williams's mother. According to Mother, on the night of August 4, 2017, she had completed a few word puzzles and then turned off her light in order to go to sleep. As she laid down, Williams, who was living with her at the time, entered her room, told her that he was tired of her interfering with his life, and struck her twice in the left eye with a closed fist. Mother said that the blows hurt her and scared her. The State introduced and published photographs to the jury depicting the injuries Mother sustained that night.

By Mother's account, after Williams struck her, she grabbed her phone and headed outside to call 911. Mother said that as soon as she dialed 911, Williams grabbed the phone from her, hung it up, and threw it to the ground. The 911 operator called back, and Mother answered. From there, firefighters, emergency personnel, and police were dispatched to Mother's home. The State introduced, and published for the jury, audio from the 911 call.

Over defense counsel's objection, the State elicited testimony from Mother wherein she described how Williams had assaulted her in 2007 because she was trying to have him evicted from her home. She also said that she had to obtain multiple emergency protective orders against him after that event. By Mother's account, after serving jail time, Williams, despite one of the protective orders, came to her house, knocked in the door, and assaulted her again. This assault led to charges against Williams. Mother said that after Williams served time for that assault, she allowed him to move back in with her. According to Mother, Williams resented her for having testified at the previous trial that led to his incarceration, and he repeatedly accused her of working with the district attorney in order to manipulate the previous trial against him.

As she testified to these events, defense counsel requested a limiting instruction regarding any extraneous-offense evidence. The trial court gave the jury a limiting instruction regarding Mother's testimony.[1]

---

[1]The trial court's instruction to the jury was, "And this won't be the last time you hear this, Ladies and Gentlemen, because I also include it in my Court's charge. But basically, I want you to understand this: You're instructed that if there's any testimony before you in this case regarding a defendant having committed bad acts, other than the offense alleged against him in the indictment in this case, you cannot consider said testimony for any purpose unless you find and believe beyond a reasonable doubt that the Defendant committed such other bad acts, if any were committed. And even then, you may only consider the same in determining the intent of the Defendant, if any, in connection with the offense, if any, alleged against him in the indictment in this case and for no other purpose. All right."

During her testimony, Mother also expressed embarrassment for the jury having seen her in the injured state depicted in the photographs the State introduced. Mother also averred that she would not have testified against Williams in this trial had the district attorney not subpoenaed her to do so.

Officer Shannon Rusnak of the City of Fort Worth Police Department also testified at trial. Rusnak averred that she responded to the domestic-disturbance dispatch on August 4, 2017. After arriving at Mother's home, Rusnak spoke with Mother and Williams separately. Rusnak described Williams as defensive and agitated. According to Rusnak, Williams expressed, in vulgar terms, that Mother had been interfering with his life. Rusnak described Mother as being upset, shaken, and visibly afraid. Rusnak also recalled seeing injuries to Mother's face that she believed to be consistent with an assault. When Rusnak inquired of Mother what had happened and why, Mother said that Williams kept repeating to her that she kept interfering with his life. Rusnak stated that Mother told her that Williams had come into her room, repeated this same mantra, and struck her in the face. Rusnak said that she ascertained that Williams had committed injury to an elderly person—Mother was eighty-two-years old on August 4, 2017.

After the State and defense both rested, the jury retired to deliberate and returned a verdict of guilty to the charge of injury to an elderly individual causing

4

bodily injury[2] and found true one of the indictment's enhancement paragraphs. The trial then proceeded to the punishment phase. Eventually, the jury assessed punishment at eighteen years' confinement. The trial court rendered judgment accordingly, and this appeal followed.

## III. DISCUSSION

In his sole point, Williams argues that the trial court abused its discretion by allowing the State to elicit testimony from Mother regarding Williams's having previously assaulted her. Specifically, Williams argues that the trial court erred by finding that this evidence was admissible under article 38.371 of the Code of Criminal Procedure, and he also contends that the evidence violates Rule 404(b) of the Rules of Evidence. Tex. Code Crim. Proc. Ann. art. 38.371; Tex. R. Evid. 404(b).

We review a trial court's ruling regarding the admission or exclusion of evidence for an abuse of discretion. *See Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011); *see also De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). If the trial court's ruling is within the zone of reasonable disagreement, there is no abuse of discretion. *Prible v. State*, 175 S.W.3d 724, 731 (Tex. Crim. App. 2005).

Article 38.371 of the Texas Code of Criminal Procedure provides:

. . . .

(b) In the prosecution of an offense described by Subsection (a), subject to the Texas Rules of Evidence or other applicable law, each

---

[2]*See* Tex. Penal Code Ann. § 22.04.

5

party may offer testimony or other evidence of all relevant facts and circumstances that would assist the trier of fact in determining whether the actor committed the offense described by Subsection (a), including testimony or evidence regarding the nature of the relationship between the actor and the alleged victim.

(c) This article does not permit the presentation of character evidence that would otherwise be inadmissible under the Texas Rules of Evidence or other applicable law.

Tex. Code Crim. Proc. Ann. art. 38.371.

Generally, extraneous-offense evidence is not admissible at the guilt phase of trial to prove that a defendant committed the charged offense in conformity with his own bad character. Tex. R. Evid. 404(b); *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011). But extraneous-offense evidence may be admissible when it has relevance apart from character conformity. *Devoe*, 354 S.W.3d at 469; *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009). Areas of admissible, extraneous-offense evidence that complies with Article 38.371 include evidence to explain why a victim of domestic violence is reluctant to testify at trial or to contextualize the nature of the relationship between victim and assailant. *See Gonzalez v. State*, 541 S.W.3d 306, 312 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (reasoning that admission of extraneous-offense evidence to explain complainant's unwillingness to cooperate with prosecution in family-violence cases is admissible under Article 38.371 and not in violation of Rule 404(b)); *see also Garcia v. State*, 201 S.W.3d 695, 703 (Tex. Crim. App. 2006) ("[I]n cases in which the prior relationship between the victim and the accused

6

is a material issue, illustrating the nature of the relationship may be the purpose for which evidence of prior bad acts will be admissible.").

We conclude it was well within the zone of reasonable disagreement for the trial court to have found in this case that the disputed evidence was admissible for a non-character-conformity purpose. Indeed, Mother testified that she would not have been a witness against Williams had the prosecution not subpoenaed her. The trial court could have reasonably concluded that evidence of Williams's past assaultive behavior toward Mother was necessary for the jury to understand why she did not want to testify at trial and why the prosecutor had to subpoena her to do so. *Gonzalez*, 541 S.W.3d at 310. The trial court could also have concluded that Mother's testimony regarding Williams's past assaultive conduct toward her was necessary for the jury to understand the relationship between Mother and Williams and his motivation for assaulting her again. *Garcia*, 201 S.W.3d at 703.

In addition, the trial court gave the jury a limiting instruction regarding the testimony at the time it was introduced and again in its charge to the jury. Without evidence to the contrary, we must presume that the jury followed the trial court's instruction. *Walker v. State*, 300 S.W.3d 836, 850 (Tex. App.—Fort Worth 2009, pet. ref'd).

We hold that the trial court did not abuse its discretion by admitting the challenged testimony. *See Tran v. State*, No. 03-17-00155-CR, 2018 WL 3118464, at *3 (Tex. App.—Austin June 26, 2018, pet. ref'd) (mem. op., not designated for

7

publication) ("We conclude that the trial court would not have abused its discretion by admitting testimony about the 1994 arrest under Rule 404(b) because the testimony was relevant to the relationship between Tran and his wife."). We overrule Williams's sole point.

## IV. CONCLUSION

Having overruled Williams's sole point on appeal, we affirm the trial court's judgment.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: May 23, 2019