

NUMBER 13-18-00592-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ZANARD RASHUN HOUSTON,                                    Appellant,

v.

THE STATE OF TEXAS,                                    Appellee.

### On appeal from the 443rd District Court
### of Ellis County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria**
**Memorandum Opinion by Justice Longoria**

Appellant Zanard Rashun Houston was convicted of assault family violence by impeding breath, enhanced to a first-degree felony with two prior felony convictions. *See* Tex. Penal Code Ann. §§ 12.42(d), 22.01(b)(2)(B). By two issues, Houston argues that

the evidence presented at trial was insufficient to sustain his conviction, and the trial court abused its discretion by admitting evidence of two extraneous offenses. We affirm.

## I. BACKGROUND[1]

On August 5, 2016, police responded to a 911 call about a vehicle being stolen. When police arrived, Selisha Hawkins, Houston's girlfriend, said that Houston broke into her house and accused her of sleeping with another man. According to Hawkins's written statement to the police, Houston grabbed her by the neck with both hands, told her she was going to die, and choked her. Hawkins pushed Houston away to get free, but he grabbed her by the neck again and continued to choke her. Houston released her, and Hawkins ran to get her car keys, and told her daughter to call the police, but for the third time, Houston once again grabbed Hawkins and choked her. After Hawkins's daughter called the police, Houston released Hawkins, stole her vehicle, and fled the scene. Houston was indicted for assault family violence by impeding breath. *See id*. § 22.01(b)(2)(B).

During trial, Hawkins recanted her written statement by testifying that Houston did not break in; rather, he had permission to enter her house because she gave him a key. She testified that she was the initial aggressor, not Houston, and that Houston did not threaten to kill or choke her to the point where she could not breathe. Because Hawkins recanted her written statement, the State presented evidence of two separate offenses Houston committed: on May 9, 2017, when he blocked Hawkins from leaving her driveway and, hours later on May 10, 2017, when he broke into her house. Furthermore,

---

[1] Pursuant to a docket-equalization order issued by the Supreme Court of Texas, this case was transferred to this Court from the Tenth Court of Appeals in Waco. *See* TEX. GOV'T CODE ANN. § 73.001.

Jerri Vaughn, a licensed social worker, testified how the cycle of domestic abuse may have caused Hawkins to recant the original statement she gave to police.

The jury found Houston guilty and sentenced him to sixty years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. This appeal followed.

## II. LEGAL SUFFICIENCY

By his first issue, Houston argues that the evidence was legally insufficient to support his conviction for assault family violence by impeding breath.

### A. Standard of Review and Applicable Law

When reviewing the legal sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (emphasis in original); *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The duty of the factfinder is to make a judgment based on the facts, the credibility of the witnesses, and the weight given to the testimony. *See Bartlett v. State*, 270 S.W.3d 147, 150 (Tex. Crim. App. 2008); *Bargas v. State*, 252 S.W.3d 876, 887 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("The jury may choose to believe or disbelieve any portion of the witnesses' testimony."). It is not the duty of the appellate court to reevaluate the evidence presented at the trial level and substitute the verdict given by the trier of fact with its own. *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). Rather, the duty of the appellate court is to evaluate if the trier of fact made a rational decision. *Muniz v. State*, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993); *Harris v. State*, 164 S.W.3d 775, 784 (Tex. App.—Houston

3

[14th Dist.] 2005, pet. ref'd.). "[T]he jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony." *Zuniga v. State*, 551 S.W.3d 729, 733 (Tex. Crim. App. 2018). We also presume that the factfinder resolved any conflicting inferences in the evidence in favor of the verdict. *See id.*

Sufficiency is measured by the elements of the offense as defined by a hypothetically correct jury charge and as authorized in the indictment. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997) (en banc). Such a charge in this case would state that a person commits the offense of assault family violence by impeding breath if the person intentionally, knowingly, or recklessly causes bodily injury to an individual with whom the accused is in a dating relationship by impeding the normal breathing or circulation of the individual by applying pressure to the individual's throat or neck. TEX. PENAL CODE ANN. § 22.01(b)(2)(B); *see* TEX. FAM. CODE ANN. § 71.0021(b) (defining "dating relationship").

**B. Analysis**

Houston contends that the State failed to admit substantive evidence that he impeded Hawkins's breath because the testimony of the State's witnesses and Hawkins's written statement were used to impeach Hawkins's testimony. However, Houston did not request to limit either Hawkins's written testimony or the two officers' testimony at trial. They testified about how they received a call concerning a stolen vehicle, which involved Houston. When they asked Hawkins about the car, they observed the marks around her neck consistent with being choked. "Once admitted, the fact that evidence might have been inadmissible for certain purposes if the proper objection had been made does not limit its use." *Garcia v. State*, 887 S.W.2d 862, 878–79 (Tex. Crim. App. 1994).

4

The evidence that the State presented is sufficient to support Houston's conviction. First, Vaughn testified about how common it is for women in abusive relationships to protect their abuser. *See Fielder v. State*, 756 S.W.2d 309, 321 (Tex. Crim. App. 1988) (concluding that expert testimony, which explained the inconsistency of people in abusive relationships, was helpful to the jury). Second, Officer O.T. Glidewell of the Waxahachie Police Department testified that Hawkins provided a detailed statement describing how Houston choked her to the point where she could no longer breathe, and he saw visible injuries around her neck. *See Scugoza v. State*, 949 S.W.2d 360, 362–63 (Tex. App.—San Antonio 1997, no pet.) (holding that police officer's testimony about wife being assaulted, even though wife testified that no assault occurred, was legally sufficient to support the conviction). Third, the jury could consider Hawkins' original written statement.

Even though there were conflicting accounts given to the jury, we presume the jury resolved the conflicts in favor of the verdict and we give deference to their decision. *Jackson*, 443 U.S. at 319; *Zuniga*, 551 S.W.3d at 733. Therefore, we overrule Houston's first issue.

### III. EXTRANEOUS OFFENSE EVIDENCE

In his second issue, Houston argues that the trial court abused its discretion by admitting extraneous offense evidence. Houston argues that evidence of the extraneous offense should have been inadmissible under Texas Rules of Evidence 404 and Article 38.371 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC art. 38.371; TEX. R. EVID. 404(b).

**A. Standard of Review and Applicable Law**

We review the admission of extraneous offense evidence for an abuse of discretion. *See De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). "As long as the trial court's ruling is within the 'zone of reasonable disagreement,' there is no abuse of discretion, and the trial court's ruling will be upheld." *Id*. at 344. Generally, "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." TEX. R. EVID. 404(b)(1). However, evidence of other crimes or wrongs may be admissible if it proves "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." TEX. R. EVID. 404(b)(2). If the trial court determines the evidence is not based on character conformity but has independent relevance, the evidence may be admitted by the trial court and the jury should be instructed on the specific, limited purpose for which the evidence is being admitted. *See Montgomery v. State*, 810 S.W.2d 372, 387–88 (Tex. Crim. App. 1990).

## B. Analysis

Houston argues that the trial court erred by admitting evidence that he blocked Hawkins's driveway and broke into her house. We disagree. Evidence of the two offenses is admissible because it was used to refute Houston's defensive theory that Hawkins was the initial aggressor. *Albrecht v. State*, 486 S.W.2d 97, 101 (Tex. Crim. App. 1972) (holding that the admission of extraneous offenses can be used to rebut defensive theories); *Blackwell v. State*, 193 S.W.3d 1, 9 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). During trial, Houston asserted that Hawkins was the initial aggressor. Hawkins testified that Houston came home late and he annoyed her, and according to

her testimony, she hit him in retaliation. Hawkins denied that Houston strangled her or that her blood circulation was interrupted.

Article 38.371, which applies to assault family violence prosecutions, permits evidence of "all relevant facts and circumstances that would assist the trier of fact in determining whether the actor committed the offense . . . including testimony or evidence regarding the nature of the relationship between the actor and the alleged victim." TEX. CODE CRIM. PROC. art. 38.371. The two offenses are within the scope of evidence permitted by article 38.371 because they help refute Houston's defensive theory that he was not the initial aggressor. *Id.*; *see Gonzalez v. State*, 541 S.W.3d 306, 312 (Tex. App—Houston [14th Dist.] 2017, no pet.) (holding appellant's prior assault conviction was admissible under article 38.371 because it rebutted appellant's defensive theory that the assault never occurred); *Bass v. State*, 270 S.W.3d 557, 563 (Tex. Crim. App. 2008) (holding extraneous offense evidence was properly admitted to rebut appellant's defensive claim of fabrication made during opening statement).

The extraneous offense evidence was admissible to explain the nature of Houston's relationship with Hawkins. *See* TEX. CODE CRIM. PROC. art. 38.371. In less than a twenty-four-hour period, Houston repeatedly blocked Hawkins's driveway, which prevented her from taking her children to school, and he broke into her house by shattering the glass patio door demanding to know about her boyfriend. The jury could infer that this behavior was intimidating and could be a reason, as Vaughn testified, as to why Hawkins would recant her previous statement to the police. *See Gonzalez*, 541 S.W.3d at 312. Because Hawkins recanted her written statement through her testimony, admission of the extraneous offense evidence that demonstrates the nature of the parties'

7

relationship helps the trier of fact understand why a victim would not cooperate with the prosecution. *See Spencer v. State*, 162 S.W.3d 877, 878 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). Moreover, the evidence does not violate Rule 404(b)'s prohibition because the State did not introduce the evidence to convince the jury that Houston was acting "in accordance with [his] character." TEX. R. EVID. 404(b)(1); *see Gonzalez*, 541 S.W.3d at 312. Therefore, we conclude that the trial court did not abuse its discretion by admitting the extraneous offense evidence. *See* TEX. R. EVID. 404(b)(2); *see also Dickey v. State*, 646 S.W.2d 232, 234 (Tex. Crim. App. 1983) (holding it was proper to admit evidence of an extraneous offense that occurred within five days of the primary offense because the defendant raised the defensive theory of alibi); *Banks v. State*, 494 S.W.3d 883, 892–93 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (concluding that extraneous offense evidence was proper to rebut the defendant's theory of fabrication). We overrule Houston's second issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
1st day of August, 2019.

8