

# NUMBER 13-20-00099-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**LEO ALBERT SANDOVAL,**                                                           **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                             **Appellee.**

---

### On appeal from the County Court at Law No. 5
### of Cameron County, Texas.

---

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina
Memorandum Opinion by Justice Longoria**

Appellant Leo Albert Sandoval appeals his jury conviction for one count of assault involving family violence, a class A misdemeanor. *See* TEX. PENAL CODE ANN. § 22.02(a)(1). Appellant asserts two issues on appeal: (1) the trial court erred by overruling his request for a jury charge question asking the jury to specify the mental state with which the offense was committed; and (2) the trial court abused its discretion in

admitting extraneous offense evidence. We affirm.

## I.     BACKGROUND

In the early morning of March 20, 2019, Selena Silva, a Brownsville Police Department officer, was dispatched to an apartment complex located at 4000 Paredes Line Road, Brownsville, Texas. At trial, Officer Silva testified that she was dispatched there because an unidentified caller had reported an altercation between a man and a woman at the apartment complex. While Officer Silva was en route, an additional call was received by dispatch. The second caller was identified as Maria Tovar. At trial, Tovar explained that she called 911 because her phone call with her daughter, Jasmine Sanchez, was disconnected after she heard screaming.

Officer Silva testified that when she arrived at the complex, she saw appellant removing items from an apartment and approached him. When Officer Silva approached appellant, he explained that he and his wife, Sanchez, had gotten into an argument and she was moving out. Officer Silva asked where Sanchez was, and appellant told her she had left with her mother. During the discussion with appellant, Officer Silva noticed a woman picking up the items in the parking lot and instructed appellant to stay with the other officers while she inquired about Sanchez.[1]

When Officer Silva located Sanchez, Sanchez reported that appellant had grabbed her by the mouth and thrown her down. Sanchez stated that she had banged her head when she was forced down. Officer Silva also noted that Sanchez's lip appeared to be swollen.

---

[1] The woman picking up items in the parking lot was identified as Tovar.

At trial, Sanchez testified that she was in a relationship with appellant and pregnant with his child on the night of the altercation. Sanchez claimed that she lied to Officer Silva regarding the alleged assault and that she did not remember much of what she had said to the officer that night. Sanchez stated that she was feeling scared and angry at appellant and fabricated the assault story to get appellant arrested.

The State called Oralia Juare, a specialist at the Family Crisis Center who has worked with victims of domestic violence for twenty-seven years, as an expert witness. Juare testified how the cycle of domestic abuse can cause victims of family violence to recant their original statements given to police. Juare cited studies that demonstrate that in the cycle of abuse, it is common for victims of family violence to minimize their original story due to the desire to mend the relationship.

Appellant was found guilty and sentenced by the trial court to twelve months of confinement, in county jail, which was supended to eighteen months of probation, forty-eight hours of community service, a $500 fine, $350 court costs, and a $150 donation to the Friendship of Women, a non-profit organization. The final judgment contained an affirmative finding that the offense involved family violence. *See* TEX. CODE CRIM. PROC. ANN. art. 42.013. This appeal followed.

## II.    CHARGE ERROR

In his first issue, appellant argues that the trial court erred by denying his request for a jury charge question asking whether the offense was done intentionally. Appellant contends that, in order for the trial court to make an affirmative family violence finding under article 42.013 of the code of criminal procedure, the State is required to prove the

3

offense was done intentionally, because that is the way the offense is defined under the Texas Family Code. Additionally, he argues that, because the court made a family violence finding anyway, his constitutional rights to due process of law and trial by jury were violated.[2]

## A.    Standard of Review & Applicable Law

A trial court has a duty to prepare a jury charge that accurately sets out the law applicable to the specific offense charged. TEX. CODE CRIM. PROC. ANN. art. 36.14; *Green v. State*, 476 S.W.3d 440, 445 (Tex. Crim. App. 2015). We review a trial court's decision to deny a defendant's request for an instruction in the jury charge under an abuse of discretion standard. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012); *Wesbrook v. State*, 29 S.W.3d 103, 121–22 (Tex. Crim. App. 2000). If we find error, we then must determine whether sufficient harm resulted from the error to compel reversal. *See Villarreal v. State*, 453 S.W.3d 429, 433 (Tex. Crim. App. 2015) (citing *Ngo v. State*, 175 S.W.3d 738, 744 (Tex. Crim. App. 2005)); *Malone v. State*, 405 S.W.3d 917, 926 (Tex. App.—Beaumont 2013, pet. ref'd). If we determine that no error occurred, our analysis ends. *Kirsch*, 357 S.W.3d at 649.

Under the Texas Penal Code, assault occurs when a person "intentionally, knowingly, or recklessly causes bodily injury to another." TEX. PENAL CODE ANN. § 22.01(a). Article 42.013 of the Texas Code of Criminal Procedure states:

> In the trial of an offense under Title 5, Penal Code, if the court determines that the offense involved family violence, as defined by Section 71.004,

---

[2] Appellant does not challenge the sufficiency of the evidence to support either the jury's guilty verdict or the trial court's family-violence finding.

Family Code, the court shall make an affirmative finding of that fact and enter the affirmative finding in the judgment of the case.

TEX. CODE CRIM. PROC. ANN. art. 42.013. Section 71.004 of the family code defines "family violence" in part as:

an act by a member of a family or household against another member of the family or household that is *intended* to result in physical harm, bodily injury, assault, or sexual assault or that is a threat that reasonably places the member in fear of imminent physical harm, bodily injury, assault, or sexual assault . . . .

TEX. FAM. CODE ANN. § 71.004(a) (emphasis added).

## B.     Analysis

Here, appellant argues that, for a family violence finding to be made under article 42.013, the jury must have specified that he acted with intent. *See id.* We disagree.

The information and complaint alleged that appellant "intentionally, knowingly, or recklessly caused bodily injury to Sanchez by throwing [Sanchez] on the floor with his hands." The jury charge authorized a guilty verdict if it found:

Unanimously and beyond a reasonable doubt that on or about March 20, 2019, in Cameron County, Texas, [appellant] intentionally, knowingly, or recklessly caused bodily injury to Jasmine Sanchez, a family or a household member or a person with whom [appellant] has or has had a dating relationship as defined by the Family Code, by throwing the said Jasmine Sanchez on the floor with [appellant's] hand or hands.

The charge properly identifies all essential elements of the offense of assault. *See* TEX. PENAL CODE ANN. § 22.01(a). The definition of "family violence" in the family code does not alter the elements of the charged offense. *See Boas v. State*, 604 S.W.3d 488, 492 (Tex. App.—Houston [14th Dist.] 2020, no pet.).

As the Texas Court of Criminal Appeals has noted, the plain language of article 42.013 "assigns the responsibility for making the family-violence determination solely to

5

the trial court." *Butler v. State*, 189 S.W.3d 299, 302–03 (Tex. Crim. App. 2006); *see* TEX. CODE CRIM. PROC. ANN. art. 42.013 (providing that "if *the court* determines that the offense involved family violence, as defined by Section 71.004, Family Code, *the court* shall make an affirmative finding . . .") (emphasis added). Thus, the trial court is tasked with making the determination of whether the offense involved "family violence," not the jury. *Butler*, 189 S.W.3d at 302; *see Boas*, 604 S.W.3d at 492 ("The family violence finding is the trial court's responsibility; it is not part of the offense and need not be submitted to the jury.").

The jury charge properly defined the assault offense on the statutory elements. Because the finding of family violence is the responsibility of the trial court, it is not an element of the offense and need not be submitted to the jury. *Boas,* 604 S.W. 3d, 493. Therefore, any language included in the charge regarding family violence is unnecessary. *Id*.

Appellant contends that the trial court's finding of family violence carries additional sentencing factors that could cause his sentence to exceed the statutory punishment, and therefore, he was entitled to a jury finding on the issue. Appellant argues that *Butler* is not controlling because the Court did not expressly consider that the finding of family violence carries additional sentencing factors; instead, he contends *Butler* only considered the effect of the family violence finding on the appellant's probation conditions.

In *Butler,* the defendant urged the "family violence" finding effectively increased his punishment because (1) the finding would cause a subsequent family violence assault conviction to be enhanced to a felony and (2) additional probation terms apply to a defendant convicted of an assault involving family violence. *Butler*, 189 S.W.3d at 302.

The Texas Court of Criminal Appeals disagreed because the finding did not increase the range of punishment for the offense for which the appellant was found guilty. *See id.* at 303–04.

*Butler* is controlling on this issue specifically because, as in that case, the record shows no indication of previous offenses involving family violence. As in *Butler*, "the question is simply whether appellant was assessed a penalty beyond the prescribed statutory maximum and, if so, whether the basis of the increased penalty was submitted to a jury and proven beyond a reasonable doubt. *Id.* at 303. Here, the judgment reflects that appellant was convicted of class A misdemeanor, assault-family violence, and the punishment assessed against him was within the punishment range allowed for such an offense. *See* TEX. PENAL CODE ANN. § 12.21; *Butler*, 189 S.W. 3d at 303–04.

The trial court properly charged the jury with the applicable law and did not abuse its discretion. We overrule appellant's first issue.

### III.    ADMISSION OF EVIDENCE

In his second issue, appellant argues that the trial court abused its discretion by admitting extraneous offense evidence. Appellant contends that Officer Silva's body camera recording of her initial interview with Sanchez was inadmissible under Texas Rules of Evidence 404(b) and 802, and article 38.371 of the Texas Code of Criminal Procedure. *See* TEX. R. EVID. 404(b), 802; TEX. CODE CRIM. PROC. ANN. art. 38.371.

The State responds that the complained-of evidence had relevance apart from character conformity, specifically: (1) it was not used for its substance but was rather used

7

to impeach Sanchez's recantation in her testimony; and (2) it, along with Jaure's testimony, assisted the jury in contextualizing the nature of the relationship with appellant.

## A. Standard of Review & Applicable Law

We review the admission of extraneous offense evidence for an abuse of discretion. *See De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). If the trial court determines the evidence is not based on character conformity but has independent relevance, the evidence may be admitted by the trial court and the jury should be instructed on the specific, limited purpose for which the evidence is being admitted. *See Montgomery v. State*, 810 S.W.2d 372, 387-88 (Tex. Crim. App. 1990). "As long as the trial court's ruling is within the 'zone of reasonable disagreement,' there is no abuse of discretion, and the trial court's ruling will be upheld." *De La Paz* 279 S.W.3d at 344. Additionally, evidence that is otherwise inadmissible may become admissible when a party opens the door to such evidence. *Hayden v. State*, 296 S.W.3d 549, 554 (Tex. Crim. App. 2009).

## B. Analysis

Appellant argues that the redacted video of Sanchez's interview with Officer Silva "contained improper character evidence" and was in violation of Rule 404(b). *See* TEX. R. EVID. 404(b). Relying on *Hayden*, appellant contends that Sanchez's statements in the video would only be admissible if he "open[ed] the door" by creating a false impression to the jury. *Hayden*, 296 S.W.3d at 554.

The following exchange occurred at trial:

[STATE]: Okay. Do you remember telling the officer that the defendant grabbed you by the mouth?

[SANCHEZ]: He didn't grab me by the mouth.

8

[STATE]: But do you remember telling the officer that?

[SANCHEZ]: I remember telling her that, yes.

[STATE]: Okay. Do you remember telling the officer that the defendant threw you on the ground inside the apartment?

[SANCHEZ]: I remember telling her that, yes.

[STATE]: Okay. Did that happen?

[SANCHEZ]: That didn't happen.

[STATE]: Okay. Do you remember telling the police officer that your mouth hurt whenever she showed up?

[SANCHEZ]: I don't remember that, no. It was a long time ago. But—I don't remember saying that, but I remember not feeling any pain or discomfort.

[STATE]: Okay. Do you remember telling the police officer that the back of your head, you felt pain there?

[SANCHEZ]: I don't remember that, no.

[STATE]: Okay. So you don't remember telling the officer what you told her that night. Is that what you're saying?

[SANCHEZ]: I don't remember that because it wasn't true.

[STATE]: You don't remember? Okay. So if she was crying and upset and we have evidence to show that, would you be surprised about that?

[SANCHEZ]: Yeah

[DEFENSE]: Okay. So it's your testimony here today that you lied on March 20th with regards to what occurred; is that correct? Is that a fair statement?

[SANCHEZ]: That's correct.

The State then moved to introduce the video during its examination of Officer Silva. Upon appellant's objection at trial, the State argued it was admissible under article 38.371 which allows, among other things, testimony or evidence concerning the nature of the relationship between the actor and the alleged victim in certain offenses involving family or dating violence. *See* TEX. CODE CRIM. PROC. ANN. art. 38.371(b). According to the State, the video was relevant to explain material, non-character-conformity fact issues, such as why Sanchez recanted her initial allegation and why the jury should discredit Sanchez's testimony.

Article 38.371 of the Texas Code of Criminal Procedure provides, in part:

(b) In the prosecution of an offense [committed against a household or family member], subject to the Texas Rules of Evidence or other applicable law, each party may offer testimony or other evidence of all relevant facts and circumstances that would assist the trier of fact in determining whether the actor committed the offense . . . , including testimony or evidence regarding the nature of the relationship between the actor and the alleged victim.

(c) This article does not permit the presentation of character evidence that would otherwise be inadmissible under the Texas Rules of Evidence or other applicable law.

TEX. CODE CRIM. PROC. ANN. art. 38.371.

While extraneous offense evidence is not normally admissible at the guilt phase of trial, it may be admissible when it has relevance apart from character conformity. *See* TEX. R. EVID. 404(b); *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011). The Legislature has determined that in prosecutions for assaults of family members, evidence related to the nature of the relationship itself is a permissible non-character-conformity purpose for which extraneous offense evidence is admissible. *See* TEX. CODE CRIM. PROC.

10

ANN. art. 38.371(b); *see also Fernandez v. State*, 597 S.W.3d 546, 565 (Tex. App.—El Paso 2020, pet. ref'd).

Here, the State used the video evidence to refute Sanchez's trial testimony about the nature of the relationship she had with appellant, as well as to shed light as to why she fully recanted the allegations that she made about appellant on the night of the altercation. *See Bass v. State*, 270 S.W.3d 557,563 (Tex. Crim. App. 2008) (holding that extraneous offense evidence was properly admitted to rebut claim of fabrication);*see also Houston v. State*, No. 13-18-00592-CR, 2019 WL 3486737, at *3 (Tex. App.—Corpus Christi–Edinburg Aug. 1, 2019, no pet.) (mem. op., not designated for publication) (determining that a victim's initial statement to police is admissible at trial because it was used to rebut the victim's recantation that the assault did not happen) (citing *Gonzalez v. State*, 541 S.W.3d 306, 312–13 (Tex. App.—Houston [14th Dist.] 2017, no pet.)).

Sanchez's trial testimony made the extraneous-offense evidence relevant to explain why she was unwilling to cooperate with the prosecution at trial, to confirm her initial story to police, and to contextualize the nature of her relationship with appellant. S*ee Gonzalez*, 541 S.W.3d at 312. Further, the video rebutting the recantation, along with Juare's testimony explaining why Sanchez may have been uncooperative and had recanted, are "relevant facts and circumstances that assist[] the trier of fact in its determination." TEX. CODE CRIM PROC. ANN. art. 38.371; *see id*. (reasoning that admission of extraneous-offense evidence to explain the complainant's unwillingness to cooperate with prosecution in family-violence cases is admissible under article 38.371 and not in violation of Rule 404(b)).

The introduction of the video did not violate Rule 404(b) because it was not introduced to convince the jury that appellant was acting "in accordance with [his] character." TEX. R. EVID. 404(b). *Id.* Thus, we find that the trial court's decision to admit the video as evidence was not outside the "zone of reasonable disagreement." *De La Paz*, 279 S.W.3d at 344. Consequently, we find that it was admissible under article 38.371 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 38.371. We overrule the appellant's second issue.

## IV.  CONCLUSION

The judgment of the trial court is affirmed.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
17th day of June, 2021.

12