

# IN THE
# TENTH COURT OF APPEALS

## No. 10-22-00285-CR

**ROBERT CARLOS OCHOA,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 413th District Court
### Johnson County, Texas
### Trial Court No. DC-F202100754

## MEMORANDUM OPINION

Appellant, Robert Carlos Ochoa, was found guilty of the offense of Assault Family Violence with a Prior Conviction for assault family violence, a third-degree felony. *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(A). The jury also found that Ochoa had previously been convicted of two felonies involving family violence and assessed his punishment at ninety-nine years in the penitentiary. *See id.* § 12.42(d).

In two issues, appellant argues that: (1) the trial court erred by admitting evidence of prior instances of family violence involving appellant and the complainant under article 38.371 of the Texas Code of Criminal Procedure and Texas Rule of Evidence 404(b), *see* TEX. CODE CRIM. PROC. ANN. art. 38.371; TEX. R. EVID. 404(b); and (2) the evidence is insufficient to support his conviction for assault family violence with a prior conviction. We affirm.

## Admitted Evidence

In his first issue, Ochoa argues that the trial court abused its discretion by admitting testimony regarding the details of the relationship between Ochoa and the complainant under Texas Rule of Evidence 404(b).[1] *See* TEX. R. EVID. 404(b). We disagree.

STANDARD OF REVIEW

We review a trial court's decision to admit evidence of prior crimes, wrongs, or bad acts for an abuse of discretion. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). *Powell v. State*, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001). Under that

---

[1] We recognize that Ochoa mentions article 38.371 of the Texas Code of Criminal Procedure in his brief. *See* TEX. CODE CRIM. PROC. ANN. art. 38.371. However, in this issue, Ochoa emphasizes that the complained-of extraneous-offense evidence should have been excluded under Texas Rule of Evidence 404(b). *See* TEX. R. EVID. 404(b). Moreover, a review of the record shows that Ochoa objected to the complained-of extraneous-offense evidence under Texas Rule of Evidence 404(b). *See id.* To the extent that Ochoa argues in this issue that the evidence was not admissible under article 38.371 of the Texas Code of Criminal Procedure, we note that this contention does not comport with this objection made at trial and, thus, presents nothing for appellate review. *See Resendiz v. State*, 112 S.W.3d 541, 547 (Tex. Crim. App. 2003) (holding that an issue was not preserved for appellate review because appellant's trial objection did not comport with the issue he raised on appeal); *see also Wright v. State*, 154 S.W.3d 235, 241 (Tex. App.—Texarkana 2005, pet. ref'd) ("Where a trial objection does not comport with the issue raised on appeal, the appellant has preserved nothing for review.").

standard, we affirm admissibility rulings when they are within the zone of reasonable disagreement. *See Prible v. State*, 175 S.W.3d 724, 731 (Tex. Crim. App. 2005); *James v. State*, 623 S.W.3d 533, 541 (Tex. App.—Fort Worth 2021, no pet.). A trial court's ruling on the admissibility of an extraneous offense is generally within this zone if the evidence shows that: (1) an extraneous transaction is relevant to a material, non-propensity issue; and (2) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice, confusions of the issues, or misleading the jury. *De La Paz*, 279 S.W.3d at 344. "Furthermore, if the trial court's evidentiary ruling is correct on any theory of law applicable to that ruling, it will not be disturbed even if the judge gave the wrong reason for his right ruling." *Id.*

APPLICABLE LAW

Texas Rule of Evidence 404(b) precludes the admission of evidence of a crime, wrong, or act solely to prove a person's character to show that he acted in conformity with that character on a particular occasion, but the rule allows for such evidence to be admitted for other purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." TEX. R. EVID. 404(b)(2). Those listed purposes "are neither mutual exclusive not collectively exhaustive." *De La Paz*, 279 S.W.3d at 343. Therefore, although Rule 404(b) limits character evidence, it is nevertheless a rule of inclusion. TEX. R. EVID. 404(b); *see De La Paz*, 279 S.W.3d at 343; *see*

*also Gaulding v. State*, No. 02-21-00096-CR, 2022 Tex. App. LEXIS 9509, at *9 (Tex. App.—

Fort Worth Dec. 29, 2022, pet. ref'd) (mem. op., not designated for publication).

"Article 38.371 [of the Texas Code of Criminal Procedure], which applies to family-

violence prosecutions, provides an additional non-character conformity purpose for

admitting extraneous-offense evidence." *James*, 623 S.W.3d at 545. Although article

38.371 explicitly prohibits the presentation of character evidence that is otherwise

inadmissible under the Texas Rules of Evidence or other laws, it expressly allows

"evidence of all relevant facts and circumstances that would assist the trier of fact in

determining whether the actor committed the offense . . . including testimony or evidence

regarding the nature of the relationship" between the accused and the complainant. *Id.*

at 545-46 (citing TEX. CODE CRIM. PROC. ANN. art. 38.371(b)-(c)). Article 38.371(b)

expressly provides for the admission of extraneous-offense evidence regarding the nature

of the relationship between an accused and a complainant. *See James*, 623 S.W.3d at 546;

*see also Gaulding*, 2022 Tex. App. LEXIS 9509, at **9-10.

DISCUSSION

Contrary to Ochoa's assertion, the complained-of extraneous-offense evidence

was not introduced to show character conformity. At trial, the complainant, Ochoa's

girlfriend, testified to verbal abuse and three instances of physical abuse perpetrated by

Ochoa based on Ochoa's ongoing belief that she had been unfaithful with other people,

including Ochoa's sixteen-year-old nephew. The State made it clear at trial that it was

offering the extraneous-offense evidence to show the nature of the relationship between Ochoa and the complainant, and it was on this basis that the trial court allowed the evidence to be admitted. The nature of Ochoa and the complainant's relationship was an important factor in this assault-family-violence case, and in addition to the extraneous-offense evidence, the State also presented expert testimony to explain the dynamics of a relationship marked by violence. Because the complained-of extraneous-offense evidence showed the nature of Ochoa and the complainant's relationship, we conclude that it was admissible for that purpose under article 38.371 of the Texas Code of Criminal Procedure and Texas Rule of Evidence 404(b). *See James*, 623 S.W.3d at 546; *see also* TEX. CODE CRIM. PROC. ANN. art. 38.371(b); TEX. R. EVID. 404(b). Accordingly, the trial court did not abuse its discretion by admitting this evidence over Ochoa's Rule 404(b) objection. *See James*, 623 S.W.3d at 546; *see also Gonzalez v. State*, 541 S.W.3d 306, 312-13 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

## Sufficiency of the Evidence

In his second issue, Ochoa argues that the trial court erred in accepting the jury's verdict because the evidence was insufficient to support a conviction for assault family violence with a prior conviction.

STANDARD OF REVIEW

The Court of Criminal Appeals has expressed our standard of review of sufficiency issues as follows:

When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L.Ed.2d 560 (1979); *Villa v.* State, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v.* State, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v.* State, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (citing *Jackson*, 443 U.S. at 319); *see also Hooper v.* State, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v.* State, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v.* State, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v.* State, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v.* State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*; *see also Daugherty v.* State, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of

the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v.* State, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

APPLICABLE LAW

Under the applicable law here, the State was required to prove that: (1) Ochoa intentionally, knowingly, or recklessly caused bodily injury to Darra Williams, a dating partner; and (2) before the commission of the present offense, Ochoa was previously convicted of committing an assaultive offense against a dating partner under chapter 22 of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 22.01(a), (b)(2)(A). A "dating relationship" means "a relationship between individuals who have or have had a continuing relationship of a romantic or intimate nature." TEX. FAM. CODE ANN. § 71.0021(b).

DISCUSSION

In her testimony, Williams described numerous instances where Ochoa assaulted her between December 2020 and June 2021. When Williams and Ochoa began dating in July 2020, the relationship was normal; however, by October 2020, Williams testified that Ochoa began controlling her phone and monitoring her whereabouts. Williams recounted that in December 2020, Ochoa forced her to have sexual intercourse and beat her when he believed she had been cheating on him while she was gone working her job at a nearby hotel. Since that time, Ochoa physically assaulted Williams almost every day. Williams stated that in May 2021, Ochoa choked and hit Williams after accusing her of

cheating on him while the two were staying with a friend of Ochoa's. On another occasion, Ochoa believed Williams was cheating on him with his friend while driving to Azle, Texas. Ochoa slapped Williams and grabbed her by her hair when she tried to run from Ochoa during that trip. Ochoa also dug his fingers into Williams's side while in the car, grabbed her throat, bit her face, and threw her into the car door window.

In June 2021, Ochoa believed that Williams was cheating on him with his 16-year-old nephew and with a coworker at the hotel where Williams worked. Ochoa hit and choked Williams in the camper they lived in outside of Ochoa's mother's house as a result. Williams ran from Ochoa after the incident. Numerous photos showing redness, bruising, and bite marks were admitted as evidence without objection. Dr. Samantha Harris of Texas Health Cleburne and Texas Health Azle, testified that she treated Williams for difficulty swallowing after she had reportedly been strangled by Ochoa. The doctor observed several bruises on Williams's body.[2]

After Williams left Ochoa in June 2021, she reported the instances of domestic violence to the police, and Ochoa began asking her to drop the case. Williams, believing she was in love with Ochoa and that Ochoa could change, continued to talk to him and signed an Affidavit of Non-Prosecution. She also wrote a letter stating that the incidences

---

[2] In response to Dr. Harris's testimony, Ochoa asserts that Williams's medical record belie her contention that she was assaulted. Even if true, this merely creates a conflict in the evidence for which the jury was tasked to evaluate and resolve, and this Court must defer to the jury's resolution of the purported conflict. *See Marshall v. State*, 479 S.W.3d 840, 845 (Tex. Crim. App. 2016); *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012); *see also Green v. State*, 607 S.W.3d 147, 152 (Tex. App.—Houston [14th Dist.] 2020, no pet.).

of domestic violence described above did not occur.  However, Williams later testified at trial that she lied on the affidavit and wrote the letter at the request of Ochoa.  Deanne Derrick, the Program Director of the Johnson County Family Crisis Center, testified that there is a "cycle of violence" with four stages.  Derrick noted that when the relationship starts, "everything is going great."  Then, tension builds until there is an explosive incident.  Thereafter, is the honeymoon stage where the perpetrator is remorseful.  After the honeymoon stage, Derrick opined that the cycle "will start all over again."  Derrick also stated that it is "very common" for the victim of domestic violence to recant statements about the abuse.

Viewing the evidence in the light most favorable to the jury's verdict, we conclude that a rational jury could have determined that Ochoa and Williams were in a dating relationship, Ochoa assaulted Williams, and Ochoa had previously been convicted of assault family violence.[3]  *See* TEX. FAM CODE ANN. § 71.0021(b); *see also* TEX. PENAL CODE ANN. § 22.01(a)(1).  And to the extent that the evidence conflicts, we note that jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony.  *See Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012); *see also Green v. State*, 607 S.W.3d 147, 152 (Tex. App.—Houston [14th Dist.] 2020, no pet.).  The jury may choose to believe or disbelieve all or part of a witness's testimony,

---

[3] The evidence included judgments of conviction associated with Ochoa's prior convictions in 2011 and 2015, for assault family violence.

and to the extent conflicts in the evidence exist, we presume the jury resolved said conflicts in the evidence in favor of the prevailing party. *See Marshall v. State*, 479 S.W.3d 840, 845 (Tex. Crim. App. 2016) ("We defer to the jury's finding when the record provides a conflict in the evidence."); *see also Green*, 607 S.W.3d at 152. Accordingly, we hold that the evidence is sufficient to support Ochoa's conviction for assault family violence with a prior conviction. *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(A); *see also Zuniga*, 551 S.W.3d at 732-33. We overrule Ochoa's second issue.

## Conclusion

Having overruled both of Ochoa's issues on appeal, we affirm the judgment of the trial court.

MATT JOHNSON
Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
Affirmed
Opinion delivered and filed August 2, 2023
Do not publish
[CRPM]

